[Crim. No. 279. Second Appellate District.—April 19, 1913.]

In the Matter of the Application of EMMA W. STOLTEN-BERG for a Writ of Habeas Corpus.

CONSTITUTIONAL LAW—POLICE POWER—REGULATION OF BUSINESS.—Legitimate business, as well as those things which are nuisances *per se*, is subject to control under the police power when necessary for the preservation of the public health and welfare.

ID.—GENERAL LAW—WHAT CONSTITUTES.—A law is general which applies to all of a class, where the classification is proper, and if the act imposes duties and obligations upon all persons who stand in the same relation to the law, its uniformity is established.

ID.—TENEMENT HOUSE ACT—CONSERVATION OF HEALTH—PROTECTION
FROM FIRE.—The Tenement House Act (Stats. 1911, p. 860), regulat-
ing the construction of buildings intended for human habitation,
and providing that such buildings shall not be occupied until the
issuance of a certificate from the health department that the re-
quirements of the act as to light, ventilation, and sanitation have
been complied with, nor until the issuance by the building depart-
ment of a certificate that the requirements respecting fire protec-
tion have been complied with, is not unconstitutional as class legisla-
tion, or as violating the uniformity requirement of the constitution,
or as giving certain officials authority to determine questions relative
to compliance with the law.   The act is a proper exercise of the
police power.

PETITION for Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

H. A. Massey, for Petitioner.

Ray E. Nimmo, Acting City Prosecutor, for Respondent.

ALLEN, P. J.—Petitioner's restraint arises from her arrest
upon a charge of violating section 85 of what is known as the
Tenement House Act.   (Laws 1911, p. 860.)   This section
provides:

"No building hereafter constructed as or altered into a tene-
ment house shall be occupied in whole or in part for human
habitation until the issuance of a certificate by the health
department, or other department by municipal ordinance
designated for that purpose, that said building conforms in all
respects to the requirements of this act relative to the light
and ventilation and sanitation of tenement houses hereafter
erected, nor until the issuance by the building department or
other department by municipal ordinance designated for that
purpose of a certificate that said building conforms in all
respects to the requirements of this act relative to fire pro-
tection of tenement houses hereafter erected."

There is no question presented as to the sufficiency of the
affidavit of complaint, nor any matter involving a construc-
tion of such section, petitioner relying solely upon two prop-
ositions, namely: 1. That the act is an improper exercise of the
police power; and 2. That it is in effect class legislation in

that it improperly discriminates between petitioner and her property and other citizens and their property, both of whom are similarly situated before the law. Upon this application, therefore, we confine ourselves strictly to a discussion of these two propositions. This Tenement House Act possesses various features, some of which have reference to the manner of construction of houses designated as tenement houses, obviously to protect such houses and others in the vicinity thereof from ravages by fire. Another feature has in view sanitary conditions sought to be established through provisions affecting regulations to that end; this for the protection and preservation of the public health. Other provisions relate to lights, stairways, courts, etc., having in view the safety of those who may enter or occupy the same. Generally speaking, all of the provisions, conditions, and restrictions imposed by said act relate to matters affecting public health, safety, and the public welfare. The police power deriving its existence from the rule that the safety of the public is the supreme law, justifies legislation upon matters pertaining to the public welfare, the public health, or the public morals. (Cooley on Constitutional Limitations, 7th ed., sec. 830.) Legitimate business, as well as those things which are nuisances *per se,* is subject to control if such control is necessary for the preservation of the public health and welfare. "When a health law is challenged in the courts as unconstitutional on the ground that it arbitrarily interferes with personal liberty and private property, without due process of law, the courts must be able to see that it has at least, in fact, some relation to the public health; that the public health is the end naturally aimed at, and that it is appropriate and adapted to that end." (*Ex parte Lacey,* 108 Cal. 330, [49 Am. St. Rep. 93, 38 L. R. A. 640, 41 Pac. 411].) The observations above made in reference to public health apply with equal force to any matters affecting the public safety and welfare. The Tenement House Act in question, as was said in the case last cited, fairly and fully fills the requirements of the law, its every aim and purpose being to provide for the safety, health, and welfare of those who may thereafter occupy such tenements. That such laws should be reasonable is well established, as is the proposition that such reasonableness will be presumed unless the contrary be shown. Nor does the fact that the section above

referred to gives to certain officials authority to determine questions relative to compliance with the law render the act invalid. It will not be presumed that such authority will be exercised wantonly or for purposes of profit or oppression. (*Ex parte Fiske*, 72 Cal. 126, [13 Pac. 310].)

With reference to the second objection urged, our supreme court in *In re Zhizhuzza*, 147 Cal. 334, [81 Pac. 955], has quoted with approval this proposition: A law is general which applies to all of a class, where the classification is proper, and if the act imposes duties and obligations upon all persons who stand in the same relation to the law, its uniformity is established. Are tenement houses of such character as to render them proper for classification? Tenement houses, like hotels, are a distinctive class of structures, designed for housing large numbers of persons, none of whom are responsible for or able to control the manner of construction, either as to provisions for safety or otherwise. Those abiding therein have no opportunity to observe or guard against dangers incident to defects. Most frequently are they situated in congested districts of a municipality where dangers from fire are imminent. These and various other reasons which might be suggested influence us in determining that a classification of such structures is permissible, and reasonable regulations in furtherance of the police power, which apply equally to all of a class, render the act in question uniform; and this classification may extend and may be confined to houses of the character thereafter to be constructed or occupied. To say otherwise would be to wrest from the state the right to correct evils impending because perchance other evils of like character are not corrected. The principle would be to destroy the right to regulate the erection of houses within fire limits, unless such restrictions should apply to all houses within such limits. We do not regard *County of Los Angeles* v. *Hollywood Cemetery Assoc.,* 124 Cal. 344, [71 Am. St. Rep. 75, 57 Pac. 153], *In re Dondero,* 19 Cal. App. 66, [124 Pac. 884], and other cases cited by petitioner, as establishing the doctrine claimed by her. Those cases deal with matters entirely different in character from those the subject of this act, and the reasons upon which those decisions are based do not appeal to us as controlling in this particular case. We are of opinion, therefore, that this act is a reasonable exercise of the police power, at least, noth-

ing as to its application to petitioner is shown to be unreasonable; that the classification with reference to houses of the character named thereafter to be constructed is proper, and that the legislation with reference thereto is not violative of the uniformity requirement of the constitution.

Writ denied.

James, J., and Shaw, J., concurred.