[L. A. No. 14127. In Bank.—July 1, 1935.]

CONSTANCE D. SIMPSON, Appellant, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

J. Wiseman Macdonald, A. W. Arrington and Harold J. Cashin for Appellant.

Faries & Williamson, Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Don Kitzmiller for Respondents.

SHENK, J.—This is an appeal by the plaintiff from a judgment favorable to her in part.

The plaintiff is the owner of real property in the City of Los Angeles which abuts on North Main, Marchessault and Olvera Streets. The property has a frontage of 227.24 feet on North Main Street and 235.32 on Olvera Street. It covers the full frontage on Marchessault Street between North Main

and Olvera' Streets. The property is improved with store buildings and is used for business and light industrial purposes. The front entrances of these improvements are on North Main and Marchessault Streets and the rear entrances on Olvera Street.

Olvera is a street one block long, dedicated to the public use. At its southerly terminus is forms an intersection with Marchessault Street, and at its northerly terminus, with Macy Street. It has a length of approximately 525 feet, and a width varying from 48 to 57 feet. On Olvera Street and across from the plaintiff's property is situate Avila Adobe, claimed to be the oldest and most historic building in the city. Facing the southerly terminus of Olvera Street is a circle known as the Los Angeles Plaza. Marchessault Street, the northerly boundary of the plaza, is a continuation of Sunset Boulevard, which enters it from the west. The Plaza and Marchessault Street are intersected on the east by Los Angeles Street, which about 360 feet northerly from Marchessault intersects Alameda Street. Alameda Street intersects Macy Street about 15 feet from the northerly terminus of Olvera Street. Olvera Street at its northerly and southerly extremities is about 83 feet from North Main Street, which runs parallel with it on the west, and its southerly extremity is about 85 feet from Los Angeles Street on the east. All of this section is situate in the central traffic district of Los Angeles.

In 1929 ordinance numbered 64715 (N. S.) of the City of Los Angeles was enacted. That ordinance provided: ''It shall be unlawful for the operator of any vehicle to drive said vehicle in, out of, or upon Olvera Street between Marchessault Street and Macy. Street.''

Since the closing of Olvera Street to vehicular traffic, and through the offices, efforts and activities of Plaza de Los Angeles, a corporation, and its secretary, Mrs. Christine Sterling, Olvera Street has been converted into what might be termed a ''Mexican Village'', and Avila Adobe has been placed in a state of repair and preservation as a permanent landmark. Before and at the time of the passage of the ordinance Olvera Street was unpaved and insanitary. Now it is paved its entire length and width with padre tile, with provision for proper drainage, and has been made clean and attractive with booths, balconies, awnings, canopies and other

structures where Mexican wares and food are offered for sale by people of the Mexican race. Chains were put across either entrance to the street, and the street was then used only by pedestrian traffic. The venders in the street have not received any permit from the city nor do they pay a license fee to the city, but each contributes specified sums for the upkeep and maintenance of the street. In so far as the record shows the city has had no part in the creation of the Mexican village on Olvera Street except to afford the opportunity for its creation by the passage of ordinance 64715 (N. S.).

The plaintiff brought the present action against the city and various boards and officials and against Plaza de Los Angeles, Mrs. Christine Sterling and others, for the purpose of enjoining the enforcement of said ordinance and for the removal of the trees, booths, chains, and other structures and obstructions on Olvera Street. The basis for the action was and is that the ordinance is an unconstitutional exercise of the police power of the city and deprives the plaintiff, as an owner of real property abutting on a public street, of the property right of ingress and egress to and from her property without compensation first being paid therefor.

The trial court, after hearing the evidence and after personally viewing the premises, found the conditions generally as herein described. It found further that the council of the City of Los Angeles referred the matter of the closing of Olvera Street to the traffic and lighting committee of the city council without recommendation; that the traffic and lighting committee thereupon referred the matter to R. P. Dorsey, traffic engineer of the street traffic engineering department of the City of Los Angeles, without recommendation; that Dorsey, after an independent investigation, recommended to the traffic and lighting committee that the closing of Olvera Street to vehicular traffic was advisable from the standpoint of the regulation of vehicular travel and traffic within the central traffic district of the city; that the committee thereupon recommended that an ordinance closing Olvera Street to vehicular traffic be adopted by the city council; and that the report and recommendation was adopted by the city council, which instructed the city attorney to draft an ordinance prohibiting the use of Olvera Street for vehicular traffic. The facts stated in this finding are not in dispute.

The court also found that the closing of Olvera Street injured the plaintiff's property rights by depriving her of vehicular access to her property over and across Olvera Street, for which no compensation has been paid or received. Nevertheless the court made the following finding:

"It is true that the closing up of Olvera street to vehicular travel was done by the City Council of the city of Los Angeles under its police power for the purpose of protecting the lives, health, safety and general welfare of the people of the city of Los Angeles, and was done in order to facilitate the movement of traffic in the central traffic district of the city of Los Angeles, and particularly the movement of traffic on Sunset boulevard, Marchessault, Macy, Main and Los Angeles Streets, all of which streets are among the most heavily traveled streets in the city of Los Angeles."

In addition the court found that pedestrian traffic and access to the plaintiff's property from Olvera Street was impeded by the maintenance of certain structures in front of her property. The court entered its judgment against the plaintiff and in favor of the defendant city to the effect that ordinance No. 64715 (N. S.) is valid and enforceable; and in favor of the plaintiff and against the Plaza de Los Angeles and other nonofficial defendants for the removal of the chains at either end of the street and of the booths and structures from certain described areas within Olvera Street including the area in front of the plaintiff's property; and awarded costs accordingly. The plaintiff appeals from that portion of the judgment which was rendered in favor of the city and against her.

On the appeal it is not questioned that any injury to the plaintiff's right of vehicular ingress and egress to her property from Olvera Street is *damnum absque injuria* if the ordinance is a valid exercise of the police power. What is seriously urged is that there is no evidence to support the finding hereinabove quoted, but that in line with the principles announced in such cases as *Yick Wo* v. *Hopkins,* 118 U. S. 356 [6 Sup. Ct. 1064, 30 L. Ed. 220], and *Dobbins* v. *Los Angeles,* 195 U. S. 223 [25 Sup. Ct. 18, 49 L. Ed. 169], the evidence shows conclusively that under the guise of enacting and enforcing a police regulation, the city has committed an unwarranted and arbitrary interference with the

plaintiff's constitutional right to the use and enjoyment of her property.

That the plaintiff has such a property right as she claims is not questioned. (*Lane* v. *San Diego Electric Ry. Co.,* 208 Cal. 29 [280 Pac. 109].) By the decisions of the United States Supreme Court hereinabove cited it was established that the exercise of the police power is subject to judicial review and that property rights cannot be wrongfully destroyed by arbitrary enactment. It is pertinent to note that the facts involved in those cases indicated that the sole purpose of the exercise of the police power was the destruction of the plaintiffs' property, that is, that the enactment of so-called police measures was a blind for the sole purpose of discriminating against the plaintiffs, or the classes of persons involved in the respective cases, and of depriving them of substantial property rights.

Can that be said to be the factual situation in the present case? The plaintiff concedes, as she must, that if there is in the record evidence of any substantiality to support the exercise of the police power involved on any rational basis, her appeal necessarily falls. It is recognized in the United States Supreme Court cases hereinabove cited, and it must be obvious, that if the constitutional limits of the exercise of the power have not been transcended, that is, if there be any rational basis for its exercise in the particular case, the motive actuating the legislative body becomes immaterial and not a proper subject of inquiry, and the court will not substitute its opinion or judgment for that of the legislative body. (See *Hadacheck* v. *Alexander,* 169 Cal. 616 [147 Pac. 259]; *Ex parte Sumida,* 177 Cal. 388 [170 Pac. 823]; *Zahn* v. *Board of Public Works,* 195 Cal. 497 [234 Pac. 388]; affirmed 274 U. S. 325 [47 Sup. Ct. 594, 71 L. Ed. 1074]; 5 Cal. Jur., p. 640; 2 McQuillin, Mun. Corp., 2d ed., pp. 737 et seq.)

We cannot agree with the plaintiff that the record shows that the enactment is without any warrant or reason within constitutional limits and therefore that it is devoid of any showing of substantial support for the finding of the court. Olvera Street, situated in the central traffic district of Los Angeles, is intersected by two of the principal thoroughfares of the city, viz., Sunset Boulevard or Marchessault Street, and Macy Street. It is in evidence that Los Angeles

Street is one of the heaviest traveled north and south bound arteries in the city; that Los Angeles, Macy, Marchessault or Sunset and Alameda Streets are counted among the ten heaviest traveled or major arteries in the city, and that other streets surrounding the Plaza are also heavily traveled. Traffic signals are maintained in this area at the principal intersections formed by these arteries. The court could believe from its view of the premises and the surrounding arteries and the traffic thereon, and from the evidence in the record, that the movement of traffic on these surrounding arteries would be less interfered with and therefore facilitated by the closing of Olvera Street to vehicular traffic; that to permit the movement of vehicular traffic over Olvera Street was not essential to the orderly flow of traffic in that section; but in fact would be an interference therewith; that the highest use to which the street could be put was for pedestrian traffic; and that to allow vehicular traffic thereon would interfere with such use and endanger the safety of pedestrian traffic. There is also support for the conclusion that prior to the closing of Olvera Street to vehicular traffic there was but little vehicular traffic on it and that the use of the street for through vehicular traffic was then and is now neither necessary nor convenient for the purpose of arriving at any stated destination; and further, that the street was used principally for the all-day parking of commercial vehicles which prevented any substantial use by the plaintiff or her lessees of the Olvera Street entrances to her property by vehicular ingress or egress.

From the foregoing recital it must be manifest that it is, without more, a sufficient support for the finding which in turn supports the judgment of the validity of the ordinance in question.

It is contended that the provisions of the California Vehicle Act do not give the city council the power to close a street to all vehicular traffic. Section 145 of that act at the time of the trial of the action expressly stated that the provisions of the act were not intended to prevent legislative bodies of incorporated cities enacting ordinances to prohibit the use of streets by particular classes of vehicles. It is true that it did not at that time in express terms assume to confer the power to prohibit all vehicular traffic on any particular street when reasonably necessary to facilitate the flow

of traffic or to promote the public health, safety or general welfare. The right to exercise the police power generally has been conferred upon the city by its charter, including the power to enact measures in the use and control of its streets not in direct conflict with general law. We may say that a proper interpretation of the section of the California Vehicle Act does not compel a conclusion that the particular exercise of the power which is involved here was necessarily intended by the legislature to be excluded by the provisions of the act. It may also be said that the intent not to exclude it was made manifest when the legislature in 1931 recognized its existence by adding to section 145 a provision that the city may close any street or highway to vehicular traffic when, in the opinion of its legislative body, such street or highway is no longer needed for vehicular traffic. Any remaining doubt, therefore, of the correct disposition of the present appeal should be dispelled when it is considered that the present condition and use of Olvera Street by pedestrian traffic, when added to the consideration that the exercise of the police power otherwise had a rational basis in fact, indicate that a reversal of the judgment herein would avail the plaintiff nothing, inasmuch as the city council could immediately validly reenact the ordinance. Furthermore it is represented in the record that the very purpose of enacting the 1931 amendment to section 145 was to preserve the validity of the ordinance in question.

Our conclusion is that it is within the police power of the city to close Olvera Street to vehicular traffic; that the closing of the street to that extent does not deprive the plaintiff's property of all vehicular access, but in fact leaves her property with such access on other street frontage; that damage to the property of the plaintiff by reason of such limited closing is insubstantial and incidental to the exercise by the city of its lawful powers; and that the judgment of the trial court sufficiently protected the plaintiff as to the other street uses to which she was entitled under the law.

The judgment is affirmed.

Waste, C. J., Seawell, J., Preston, J., Curtis, J., and Langdon, J., concurred.