[L. A. No. 21968. In Bank. Oct. 31, 1952.]

SERVE YOURSELF GASOLINE STATIONS ASSOCIATION, INC. (a Corporation) et al., Plaintiffs and Appellants, v. A. A. BROCK, as Director of the Department of Agriculture et al., Respondents; URICH'S SERVE YOURSELF STATIONS, INCORPORATED (a Corporation) et al., Interveners and Appellants.

814

Guthrie, Darling & Shattuck, Milo V. Olson, Edward S. Shattuck and Salisbury & Knudson for Appellants.

Edmund G. Brown, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondents.

SPENCE, J.—Plaintiffs and interveners, owners and operators of self service gasoline stations, appeal from a judgment declaring that sections 20880, 20882, 20883, 20884, 20885 and 20886 of the Business and Professions Code, regulating price advertising on or near gasoline stations, are constitutional and are applicable to plaintiffs' price signs.

Appellants contend that the sections in question involve an improper exercise of the police power, depriving them of their property without due process of law. It is further contended that these sections violate article IV, section 25, subdivision 33 of the California Constitution in that they constitute a special law that is unnecessary because a general law (Bus. & Prof. Code § 17500) is and can be made applicable. We have concluded that this regulation of price advertising is a proper exercise of the police power and that the judgment must be affirmed.

The sections in question[1] require price signs, other than price signs on the gasoline dispensing apparatus (Bus. &

---

[1] § 20880. "(a) No person shall keep, maintain or display on or near the premises of any place of business in this State any advertising medium, which indicates or shows or advertises the price of gasoline or other motor vehicle fuel sold, offered for sale or advertised for sale from such premises, unless the actual price per gallon of gasoline or other motor vehicle fuel, including taxes, is also shown on such advertising medium, together with the word or words 'gasoline' or 'motor fuel' and the trade name or brand of the gasoline or other motor vehicle fuel product advertised for sale by such advertising medium.

"(b) No person offering for sale or selling any gasoline or motor vehicle fuel from any place of business in the State of California shall post or display a sign or statement or other advertising medium reading, in substance, 'save' a designated amount, or a designated amount per gallon, such as 'save 5 cents' or 'save 5 cents per gallon,' or using the expression 'off' a designated amount, such as '5 cents off' or '5 cents less,' or 'discount' of a given amount, such as '5 cents discount,' or otherwise using the words 'save,' 'off,' 'discount,' 'less,' 'below,' or any of them, or a word or words of similar meaning or other phraseology indicating a reduced price, unless there is posted and displayed in letters of equal size and as part of the same sign, statement, or other advertising medium, the total price, including all taxes, at which gasoline or motor vehicle fuel is being sold or offered for sale, designating the price for

Prof. Code §§ 20820-20826), to set forth in detail and in lettering as large as other lettering thereon, the total price of the gasoline, including tax and grade. Signs using the words "save," "off," "discount," "less," "below," or words of similar meaning are considered price signs. The signs employed by appellants and others in the business of owning or operating gasoline stations use thereon the words "SAVE," "SERVE YOURSELF AND SAVE," and "SAVE 5," followed by small lettered words "cents," "ways," "minutes," or minor variations of the same. Many of said signs do not refer to the name nor state the price of the gasoline offered for sale.

■ In reviewing legislation for the purpose of testing its propriety as an exercise of the police power, "[t]he power of the court is limited to determining whether the subject of the legislation is within the state's power, and if so to determine whether the means adopted to accomplish the result are reasonably designed for that purpose, and have a real and substantial relation to the objects sought to be attained."

each brand or trade name of gasoline or motor vehicle fuel being sold or offered for sale.

"The size of the letters, words, figures or numerals used for the purpose of indicating or showing the total price per gallon, including all taxes, shall be of a size as provided under the provisions of Section 20883 of this article.

"(c) Nothing in this article shall be construed to apply to the price signs referred to in Article 6 of this chapter."

§ 20882. "All letters, figures or numerals used in designating the brand name or words 'no brand' in any advertising medium referred to in this article, shall be of uniform size and at least six inches in height and the height shall not be more than twice the dimension of the width of each such letter, figure or numeral."

§ 20883. "All letters, words, figures or numerals used on the advertising medium referred to in this article for the purpose of indicating or showing prices of gasoline or other motor vehicle fuel sold or advertised for sale shall be uniform in size and shall be not more than twice the size of the letters, figures or numerals used to designate the brand name, or the words 'no brand.' "

§ 20884. "The advertising medium referred to in this article shall not contain any other advertising matter whatsoever, except words of description of the product sold or offered for sale, and if words of description of the product offered for sale or advertised for sale by any such signs are used, the letters, figures or numerals which form any words, marks, letters, figures or numerals of description shall not be larger than the words, marks, letters, figures or numerals used in forming or designating the brand name or the words 'no brand.' "

§ 20885. "For the purpose of this article, fractions are considered one numeral."

§ 20886. "The numeral one or the letter '1' need not conform to specifications prescribed for other letters, words, figures or numerals by this article but all letters, words, figures or numerals shall be the same type and design and shall be uniform with other letters, words, figures or numerals with which they are used."

818

(*Max Factor & Co.* v. *Kunsman,* 5 Cal.2d 446, 456 [55 P.2d 177].) Furthermore, it must be presumed at the outset that the Legislature acted within its powers. (*Hart* v. *City of Beverly Hills,* 11 Cal.2d 343, 348 [79 P.2d 1080].) The burden is upon those attacking the statute to make a showing that the statute is unconstitutional.

·With this brief statement of the governing principles, we turn to the legislation at hand. It is apparent upon its face that the primary purpose of this legislation is the prevention of misleading advertising, which purpose has long been deemed a proper subject for the exercise of the police power. (Note, Ann.Cas. 1916A, 900, 89 A.L.R. 1004; 2 Cal. Jur.2d 606; and 11 Am.Jur., Constitutional Law, § 283, p. 1043. See, also, *Hart* v. *City of Beverly Hills, supra,* 11 Cal. 2d 343, 350; *In re Sidebotham,* 12 Cal.2d 434, 436 [85 P.2d 453, 122 A.L.R. 496]; and *In re McNeal,* 32 Cal.App.2d 391, 394 [89 P.2d 1096].)

The next step is the consideration of the means employed by the Legislature to reach this legitimate end. These involve primarily the requirement of full disclosure, a method approved in *In re Sidebotham, supra,* 12 Cal.2d 434, 436. To demonstrate the unconstitutionality of these statutes, appellants cite and rely upon a series of cases declaring statutes unconstitutional which prohibit all price advertising on or near gasoline stations except those signs of a limited size permitted on the pumps. (*Regal Oil Co.* v. *State,* 123 N.J.L. 456 [10 A.2d 495]; *State* v. *Miller,* 126 Conn. 373 [12 A.2d 192]; and *Levy* v. *City of Pontiac,* 331 Mich. 100 [49 N.W.2d 80]. But *cf. Merit Oil Co.* v. *Director of Division of Neces. of Life,* 319 Mass. 301 [65 N.E.2d 529]; *People* v. *Arlen Service Stations,* 284 N.Y. 340 [31 N.E.2d 184]; and *State* v. *Hobson,* —— Del. —— [83 A.2d 846].) However, the legislation under consideration here differs substantially from that involved in the above cases. There the right to maintain signs of a sufficient size to be read by a passing motorist was prohibited. Our statutes do not prohibit effective advertising in this sense. Rather, sections 20882 and 20883 of the Business and Professions Code encourage the same by establishing minimum requirements as to size of lettering on the signs, thereby making more certain that the passing motorist can read them. The difference is of significance. The ultimate right to advertise price is unaffected by our statutes. Although the Legislature may be denied the power to destroy a given right, the authority to regulate its exercise is

recognized. (See *Hart* v. *City of Beverly Hills, supra,* 11 Cal. 2d 343, 350, and cases cited therein.)

The decision of the United States Supreme Court in *Williams* v. *Standard Oil Co.,* 278 U.S. 235 [49 S.Ct. 115, 73 L.Ed. 287], is not a barrier to this legislation. There it was held that a state could not fix the price of gasoline for the reason that the business of selling gasoline is not one "affected with a public interest." But regardless of the standard by which the validity of price-fixing legislation should be tested (*Tyson & Brother-United Ticket Office* v. *Banton,* 273 U.S. 418, 430 [47 S.Ct. 426, 71 L.Ed. 718]; see *Nebbia* v. *New York,* 291 U.S. 502 [54 S.Ct. 505, 78 L.Ed. 940]; and *Olsen* v. *Nebraska,* 313 U.S. 236 [61 S.Ct. 862, 85 L.Ed. 1305, 133 A.L.R. 1500]), the statutes in question do not deal with price-fixing and the Williams case is not controlling here.

■ Although the right to advertise is a property right (*People* v. *St. John,* 108 Cal.App.Supp. 779 [288 P. 53], the requirement of full disclosure of price and brand name is a reasonable method of regulating gasoline advertising, and the statutes have a real and substantial relation to legitimate objectives of the police power. The law does not become oppressive or confiscatory by reason of the fact that it may be more costly to conform to its requirements.

■ Nor is there any merit in the contention that this legislation represents an arbitrary attempt to eliminate competition in the retail selling of gasoline. ■ It is not our function to search for motive in testing the constitutionality of a statute. (*Daniel* v. *Family Security & Ins. Co.,* 336 U.S. 220, 224 [69 S.Ct. 550, 93 L.Ed. 632, 10 A.L.R.2d 945].)

There can be no doubt that many gasoline price signs are misleading. When a motorist on the highway sees a sign which states in large letters "Save 5" or "5 Off," he can reasonably assume that he will save 5 cents per gallon below the price of gasoline sold in conventional service stations. And when these words are followed by the words "minutes," "ways," or the like, in small letters, the signs are highly misleading. Appellants do not argue at great length that the regulation of such signs is a violation of due process. Rather, they argue that the statute would be unconstitutionally applied if enforced against the sign "Serve Yourself and Save." (*Brock* v. *Superior Court,* 12 Cal.2d 605, 610 [86 P.2d 805].) Respondents have indicated an intent to so enforce the statute. ■ While it is generally true that the motorist can realize a saving in the self service type station, and that this sign

is therefore literally true, we cannot agree that the application of the requirement of full disclosure of price and brand name will violate due process of law. The convenience to the motoring public in having the price per gallon plainly disclosed where there is a representation that a saving can be made may well have been a real consideration of the Legislature in enacting the statute. The Legislature, in the first instance, is the judge of what is necessary for the public welfare, and, in the absence of a showing of arbitrary interference with property rights or of the lack of substantial relation between means and a legitimate subject for regulation, we can not declare this legislation invalid.

 The final contention that this statute violates article IV, section 25, subdivision 33 of the California Constitution is likewise without merit. This section states: "The Legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: In all other cases where a general law can be made applicable."

 The question whether a general law can be made applicable is one for the Legislature, "to be determined in the light of the evils intended to be avoided, and with its determination upon that question we may not interfere, unless the disregard of the constitutional requirement is clear and palpable." (*People* v. *Mullender*, 132 Cal. 217, 221 [64 P. 299]; Accord: *Wheeler* v. *Herbert*, 152 Cal. 224, 232 [92 P. 353]; *Matter of Petition of Burke*, 160 Cal. 300, 302-303 [116 P. 755]; and *Ventura County Harbor Dist.* v. *Board of Supervisors*, 211 Cal. 271, 276-277 [295 P. 6].) There is no disregard of the constitutional requirement here. To the contrary, it is apparent that section 17500 of the Business and Professions Code, which prohibits false or misleading advertising in general, could not be applied to require a full disclosure of price or brand name of gasoline offered for sale.

 The distinction between a general and a special law within the meaning of the Constitution has been stated as follows: "[A law] . . . is general . . . when it applies equally to all persons embraced in a class founded upon some natural or intrinsic or constitutional distinction . . . [It is a special law] . . . if it confers particular privileges or imposes peculiar disabilities or burdensome conditions, in the exercise of a common right, upon a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law." (*City of Pasadena* v. *Stimson*, 91 Cal. 238, 251-252 [27 P. 604].) It is

therefore clear that the constitutional prohibition against special legislation does not preclude legislative classification, but only requires that the classification be reasonable. (See *People* v. *Western Fruit Growers,* 22 Cal.2d 494, 506 [140 P.2d 13], and cases cited therein.) Here, the legislation applies equally to all persons engaged in the business of selling gasoline. The classification is a reasonable one. Gasoline is a unique commodity in that few people, if any, can distinguish between grades or brands by the use of the senses. Unlike many other commodities, its sale is final in the sense that there is no practical way for the motorist to return or exchange the purchased commodity, if dissatisfied. Price and brand name are the principal factors in its sale, and therefore, advertising of these elements in a misleading manner is peculiarly subject to abuse. Furthermore, it must be presumed that the Legislature has made a careful investigation in the field, and that it has properly determined that the interests of the public require this regulation. (*Pacific Coast Dairy* v. *Police Court,* 214 Cal. 668, 674 [8 P.2d 140, 80 A.L.R. 1217].) No showing to the contrary has been made.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J. pro tem., concurred.

Appellants' petition for a rehearing was denied November 25, 1952. Edmonds, J., did not participate therein.