[Civ. No. 10234.   Third Dist.   June 18, 1962.]

MALCOLM E. HARRIS, as Director of the Department of Alcoholic Beverage Control, Plaintiff and Appellant, v. THE ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD et al., Defendants and Respondents.

Stanley Mosk, Attorney General, E. G. Funke, Assistant Attorney General, and Warren H. Deering, Deputy Attorney General, for Plaintiff and Appellant.

Charles P. Just for Defendants and Respondents.

STEEL, J. pro tem.*—The Department of Alcoholic Beverage Control (referred to herein as the department) has appealed from a judgment of the superior court denying a petition for a writ of mandate by which petitioner sought to reverse a decision of the Alcoholic Beverage Control Appeals Board (referred to herein as the appeals board) which set aside a decision of the department suspending an on-sale beer license held by Arnold P. Payseno and Mary Satterly.

The licensees operate a business called the "Blue Jackets" in San Diego, California. In October 1958 the Armed Forces Disciplinary Control Board requested the licensees to appear before it in response to an accusation which had been made with regard to homosexual activity on the premises of the licensed establishment. One of the licensees and his attorney attended the hearing, but left after they were informed that no witnesses would be sworn or allowed. Thereafter, the licensees received written notice from the department that the licensed premises had been placed "off limits" to military personnel. Three days later, agents of the department requested the licensees to post two "off-limits" signs on their premises. This the licensees refused to do. The department then filed an accusation against the licensees for refusing to comply with rule 70 (Cal. Admin. Code, tit. 4, § 70), which provides:

"Every licensee whose licensed premises have been declared 'out of bounds' or 'off-limits' by an armed forces disciplinary control board shall post two notices of such fact in conspicuous places on his premises, one on the exterior and one on the interior thereof. He shall maintain such signs during the operation of the military or naval order. Such signs shall be

*Assigned by Chairman of Judicial Council.

in the form prescribed, and shall be furnished, by the department.''

After filing a notice of defense, pursuant to the provisions of section 11505 of the Government Code, the licensees appeared with their counsel at the hearing subsequently held by the department. Their defense was that rule 70 was unconstitutional and an unlawful delegation of power by the department to the armed forces board. The department's accusation was directed to the sole issue of whether licensees refused to post the signs. Neither the reason for the military off-limits order nor the nature of the military proceedings was inquired into. The hearing officer found that the accusation charges, which were undisputed, were true; that the provisions of rule 70 were valid; and that grounds for disciplinary action existed under the Alcoholic Beverage Control Act. The findings of the hearing officer were adopted by the department as its decision. The order provided a penalty of suspension of the license for 30 days and ''thereafter so long as respondents shall remain in violation of Rule 70.'' From this decision licensees appealed to the appeals board of the department, which reversed the department's decision. The department filed a petition for a writ of mandate in the lower court, which was denied, and this appeal followed.

The sole question is whether rule 70 of the department is a valid rule within the scope of its rule-making power.

The authority of the department to promulgate rules is found in the 1954 amendment of article XX, section 22 of the California Constitution and section 25750 of the Business and Professions Code.

Article XX, section 22, provides in part:

''The Department of Alcoholic Beverage Control shall have the exclusive power, except as herein provided and in accordance with laws enacted by the Legislature, to *license* the manufacture, importation and sale of alcoholic beverages in this State, and to collect license fees or occupation taxes on account thereof. The department shall have the power, in its discretion, to deny, suspend or revoke any specific alcoholic beverages license *if it shall determine for good cause* that the granting or continuances of such license would be contrary to public welfare or morals, . . .'' (Italics added.)

Section 25750 of the Business and Professions Code provides:

''The department shall make and prescribe such reasonable rules as may be necessary or proper to carry out the purposes

and intent of Section 22 of Article XX of the Constitution and to enable it to exercise the powers and perform the duties conferred upon it by that section or by this division, not inconsistent with any of the provisions of any statute of this State, including particularly the provisions of this division and the provisions of Chapter 5 of Part 1 of Division 3 of Title 2 of the Government Code.''

The department contends that rule 70 is an appropriate exercise of its rule-making authority. The rule was allegedly promulgated upon the theory that in the interests of public welfare and morals, military personnel should be apprised by the department of areas declared to be ''off limits'' by military authority, and that the posting of signs is a reasonable method by which to carry out such purpose.

In determining whether rule 70 constitutes a proper exercise of the police power, this court is limited to ascertaining whether the object of the rule is one for which the police power may be invoked and, if so, whether the statute bears a reasonable relation to the object sought to be obtained. (*Allied Properties* v. *Department of Alcoholic Beverage Control*, 53 Cal.2d 141 [346 P.2d 737].)

Whether an enactment is a proper exercise of the police power is a judicial question. If an enactment is purported to protect the public health, safety, or morals, it is the duty of a court to determine whether the means to accomplish the result are reasonably designed for that purpose and have a real and substantial relationship to the objects sought to be obtained. (*McKay Jewelers, Inc.* v. *Bowron*, 19 Cal.2d 595 [122 P.2d 543, 139 A.L.R. 1188]; *Serve Yourself Gas etc. Assn.* v. *Brock*, 39 Cal.2d 813 [249 P.2d 545].)

The object of the rule, says the department, is to upheld public welfare and morals by informing military personnel of premises that are off limits to them. Even assuming this to be true so far as military personnel are concerned, it is not sufficient to support the conclusion of the department that the rule is reasonable. The ''off-limits''signs are akin to a badge of disrepute by which second-class status can, by official action, be attached to a licensee who has never been determined in any proceeding to be guilty of any wrongdoing. By the procedure provided the licensee's status is determined by a military tribunal which can, and as the record herein discloses, did act arbitrarily. There is nothing in the legislative scheme embodied in the Alcoholic Beverage Control Act, or the powers vested in the department by the Constitution,

which sanctions the classification of licensees as the department attempted to do in this case under the provisions of said rule. The means used to enforce the objective are clearly improper since they penalize a licensee by a method neither recognized by the Constitution nor by statute.

The authority and discretion vested in the department to make a rule based on the premise that it is necessary for the protection of the public welfare is subject to the same limitations which restrict the department's authority to suspend for acts allegedly contrary to the public welfare. ■ It follows that the department's decision in a case of suspension for good cause must be based on sufficient evidence and it may not act arbitrarily in determining what is contrary to public welfare and morals. (*Stoumen* v. *Reilly,* 37 Cal.2d 713 [234 P.2d 969].)

For the reasons stated, we conclude that rule 70 is in excess of the rule-making authority vested in the department.

The judgment is affirmed.

Peek, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied July 17, 1962, and appellant's petition for a hearing by the Supreme Court was denied August 15, 1962. Peters, J., was of the opinion that the petition should be granted.