[Civ. No. 10200. Fourth Dist., Div. One. Mar. 19, 1971.]

JOHN ANTONELLO et al., Plaintiffs and Appellants, v.
CITY OF SAN DIEGO, Defendant and Respondent.

## COUNSEL

William F. Gavin for Plaintiffs and Appellants.

Jonn W. Witt, City Attorney, and William H. Kronberger, Jr., Deputy City Attorney, for Defendant and Respondent.

## OPINION

**COUGHLIN, Acting P. J.**—Plaintiffs appeal from a judgment declaring valid a city ordinance regulating the construction and operation of "peep show establishments."

Plaintiffs own and operate arcades in the City of San Diego, known as "peep show establishments," exhibiting motion pictures observed in a viewing booth, through a small aperture, upon deposit of a coin. The City Council of San Diego, on July 16, 1968, enacted Ordinance No. 9845NS which prescribes standards of construction, maintenance and operation of peep show places of business; declares the intent and purpose of the council is to regulate the operation of peep shows "for the protection of the public from the perils of fire, hazards to health, and for the preservation of the peace of the community"; requires the use of "not less than one hour fire-resistive material" in the construction of all walls or partitions of rooms or booths, the aisles in any room in which a peep show device is located shall be not less than 42 inches in width, the light level in all rooms shall be not "less than ten (10) foot candles at floor level," and in every room in which a peep show device is located there shall be not less than two lighted exits within the constant and unobstructed view of the occupants; and provides the number of persons in any room or partitioned portion of a room where a peep show device is located shall not exceed one person per 30 square feet.

██ ██ Plaintiffs contend the ordinance is unconstitutional because it (1) is intended to prevent the operation of peep shows under the guise of regulation providing for the public health, safety and general welfare; (2) is municipal legislation in a field preempted by the state; (3) is an unreasonable exercise of the police power in that its provisions are not intended to effect a valid police power objective and impose unreasonable

restraints upon a lawful business; and (4) violates the equal protection of the law guarantee of the federal and state Constitutions by an unlawful classification of and discrimination against peep show operators.

Plaintiffs' case, as made out by their brief on appeal, is premised upon the implied assertion the motion pictures exhibited in their establishments concern "sexual activity" or "sexual matters"; upon the claim the real purpose of the ordinance is to "close down" their establishments because of the subject matter of the motion pictures exhibited by them; upon the further claim their right to exhibit these motion pictures is protected by the constitutional guarantee of freedom of speech as held in *Joseph Burstyn, Inc.* v. *Wilson,* 343 U.S. 495, 499 [96 L.Ed. 1098, 1104, 72 S.Ct. 777, 779]; *Burton* v. *Municipal Court,* 68 Cal.2d 684, 689 [68 Cal.Rptr. 721, 441 P.2d 281]; *Flack* v. *Municipal Court,* 66 Cal.2d 981, 988 [59 Cal.Rptr. 872, 429 P.2d 192]; and also upon the claim regulation of "sexual activity" or "sexual matters," which assertedly is the purpose of the ordinance, is legislation in a field preempted by the state under the holding in the case of *In re Lane,* 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897].

It is appropriate to note, in numerous instances the arguments advanced by plaintiffs in support of their contentions are premised on assumed facts; in some instances on facts the court found did not exist; and in other instances on general conclusionary statements premised on conjecture and surmise respecting the effect of the ordinance. By way of example, plaintiffs assert the real purpose of the ordinance and its resulting illegality "may be readily inferred from the results which would naturally flow from its enforcement," but "the results" in question are not specified nor is there reference to any evidence upon which to premise the conclusion advocated; argue the ordinance is an attempt to regulate "sexual matters" under the guise of a health and safety regulation but it is not shown how the ordinance effects this disguised purpose; and assume the affected peep shows are engaged in "sexual activity" within a field of legislation preempted by the state whereas there is no proof respecting either the type of "sexual activity" in which they engage, or the subject matter of the pictures displayed.

The overriding issue presented by plaintiffs' contentions is whether the purpose of the ordinance is to prevent the operation of peep shows or to protect the health, safety and general welfare of the public by prescribing conformance to designated standards of construction and operation.

It is fundamental a lawful business may not be destroyed under the guise of regulation. (*Ex parte Hayden,* 147 Cal. 649, 650 [82 P. 315]; gen. see 11 Cal.Jur.2d 343, 345.) On the other hand, the manner of its operation may be subject to regulation reasonably necessary to promote the public health, safety and general welfare, even though burdensome.

(*Serve Yourself Gas etc. Assn.* v. *Brock,* 39 Cal.2d 813, 819 [249 P.2d 545]; *Hart* v. *City of Beverly Hills,* 11 Cal.2d 343, 345 [79 P.2d 1080].)

■ The fact plaintiffs constitutionally may be guaranteed the right to operate peep shows of the type they operate does not constitutionally guarantee the right to operate them in places and under conditions detrimental to the public health, safety and welfare. (*Burton* v. *Municipal Court, supra,* 68 Cal.2d 684, 689; *Serve Yourself Gas etc. Assn.* v. *Brock, supra,* 39 Cal.2d 813, 819; *In re Porterfield,* 28 Cal.2d 91, 101 [168 P.2d 706, 167 A.L.R. 675].) To the contrary, the premises upon which plaintiffs engage in business, even though utilized for the exercise of First Amendment rights, are subject to reasonable regulation under the police power. (*Burton* v. *Municipal Court, supra,* 68 Cal.2d 684, 690.)

■ Where the purpose of a statute is relevant to a determination of its constitutional validity a court, to ascertain such purpose, may examine its immediate objective and ultimate effect as well as events leading up to its passage (*Parr* v. *Municipal Court,* 3 Cal.3d 861, 863, 866 [92 Cal.Rptr. 153, 479 P.2d 353]; *Mulkey* v. *Reitman,* 64 Cal.2d 529, 533 [50 Cal.Rptr. 881, 413 P.2d 825]), but not the motives influencing legislators in voting its passage. (*United States* v. *O'Brien,* 391 U.S. 367, 383 [20 L.Ed.2d 672, 683, 88 S.Ct. 1673, 1682]; *Serve Yourself Gas etc. Assn.* v. *Brock, supra,* 39 Cal.2d 813, 819; *Simpson* v. *City of Los Angeles,* 4 Cal.2d 60, 65 [47 P.2d 474].) A statute effecting a valid purpose is valid regardless of the motives actuating its enactment. (*United States* v. *O'Brien, supra,* 391 U.S. 367, 383; *Simpson* v. *City of Los Angeles, supra,* 4 Cal.2d 60, 65.)

■ The trial court found and concluded the ordinance "is precisely limited to the establishment of fire, health and safety standards and in no way, directly or indirectly, regulates the subject matter of material presented in peep show establishments"; "is in no way, directly or indirectly, a regulation of sexual activity"; "in no way abridges freedom of expression within the meaning of the First and Fourteenth Amendments to the Constitution"; and "is not preempted by State or Federal laws relating to freedom of expression or sexual activity." These findings and conclusions are supported by a consideration of the ordinance on its face, the immediate objective and ultimate effect of its regulatory provisions, and the events leading up to its adoption. Plaintiffs' contentions to the contrary are without merit.

■ Where, as in the case at bench, it is urged "a statute does not constitute a proper exercise of the police power, the inquiry of the court is limited to determining whether the object of the statute is one for which that

power may legitimately be invoked and, if so, whether the statute bears a reasonable and substantial relation to the object sought to be attained." (*Allied Properties* v. *Dept. of Alcoholic Beverage Control,* 53 Cal.2d 141, 146 [346 P.2d 737].)

█ It is elementary, under the police power a municipality may impose regulations upon the construction and maintenance of business premises reasonably necessary to protect the health, safety and general welfare of patrons of the business and other members of the public. (*Matter of Stoltenberg,* 165 Cal. 789, 791 [134 P. 971]; *Ex parte Fiske,* 72 Cal. 125, 127 [13 P. 310]; *Sullivan* v. *City of Los Angeles,* 116 Cal.App.2d 807, 810 [254 P.2d 590]; *Matter of Application of Stoltenberg,* 21 Cal.App. 722 [132 P. 841].) The determination by a legislative body of a need for police power regulation and the type of regulation necessary to meet that need "must not be set aside or disregarded by the courts, unless the legislative decision is clearly and palpably wrong and the error appears beyond reasonable doubt from facts or evidence which cannot be controverted, and of which the courts may properly take notice." (*Matter of Application of Miller,* 162 Cal. 687, 693, 696 [124 P. 427]; *Allied Properties* v. *Dept. of Alcoholic Beverage Control, supra,* 53 Cal.2d 141, 148; *Southern Pac. Co.* v. *Railroad Com.,* 13 Cal.2d 89, 121 [87 P.2d 1055]; *Justesen's Food Stores* v. *City of Tulare,* 43 Cal.App.2d 616, 621 [111 P.2d 424].)

█ Plaintiffs' contention the regulatory provisions of the ordinance are unreasonable and will "close down" their business is without support in law or in fact. There is no showing compliance with the ordinance will impose an unreasonable burden upon peep show owners. Obviously compliance will be more costly than noncompliance, however, an ordinance "does not become oppressive or confiscatory by reason of the fact that it may be more costly to conform to its requirements." (*Serve Yourself Gas etc. Assn.* v. *Brock, supra,* 39 Cal.2d 813, 819.)

█ In support of their contention the ordinance violates the equal protection of the law guarantee of the federal and state Constitutions, plaintiffs claim the classification of peep show establishments as subjects for the regulations imposed is not reasonably related to the purpose of the ordinance and is discriminatory in that it imposes on peep shows greater burdens than on ordinary theaters.

An ordinance, enacted under the police power, imposing burdens upon a class of persons does not violate the equal protection guarantee providing it applies equally to all persons within the class, and the classification is founded upon some natural, intrinsic or constitutional distinction which bears a rational relationship to the purpose the ordinance is intended to

serve. (*Parr* v. *Municipal Court, supra,* 3 Cal.3d 861, 864; *Werner* v. *Southern Cal. etc. Newspapers,* 35 Cal.2d 121, 130 [216 P.2d 825, 13 A.L.R.2d 252]; *Leland* v. *Lowery,* 26 Cal.2d 224, 232 [157 P.2d 639, 175 A.L.R. 1109].) In creating such a classification the legislative body "is free to recognize degrees of harm and to confine its regulation to those classes of cases in which the need is deemed to be the most evident." (*Board of Education* v. *Watson,* 63 Cal.2d 829, 833 [48 Cal.Rptr. 481, 409 P.2d 481].) Peep show establishments differ materially from other business establishments, including theaters, regarding particular needs for the protection of their patrons, as demonstrated by the physical setup of their premises consisting of individual booths located in close quarters where a fire in one booth, unless contained, would spread readily to other booths and, in any event, would create unusual demands upon escape facilities requiring particular regulations respecting lighting conditions, size of aisles and number of exits. Safety precautions also require limitation upon the number of occupants of such an establishment to insure the escape of all therefrom in the event of a fire. The classification in question was not unreasonable, arbitrary or discriminatory. (Gen. see *Matter of Stoltenberg, supra,* 165 Cal. 789; *Ex parte Fiske, supra,* 72 Cal. 125, 127; *Sullivan* v. *City of Los Angeles, supra,* 116 Cal.App.2d 807, 810; *Matter of Application of Stoltenberg, supra,* 21 Cal.App. 722, 724.)

The judgment is affirmed.

Whelan, J., and Ault, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 13, 1971. The United States Supreme Court denied a writ of certiorari on October 26, 1971.