[No. A035090. First Dist., Div. Four. June 19, 1986.]

JIM WHITE, Petitioner, v.
MARVIN CHURCH, as Clerk, etc., et al., Respondents.

COUNSEL

Daniel U. Smith, Eric G. Scheie, Robert E. Cartwright, Cartwright, Sucherman & Slobodin and George T. Davis for Petitioner.

James P. Fox, District Attorney, Thomas Daniel Daly, Assistant District Attorney, John A. Shupe and Mary K. Raftery, Deputy District Attorneys, for Respondents.

OPINION

**ANDERSON, P. J.**—Upon order of the California Supreme Court we directed the Clerk of San Mateo County and the County of San Mateo (respondents) to show cause why they should not be mandated to certify the

results of the June 3, 1986, election for the office of sheriff and why Elections Code section[1] 17113.5 should not be found unconstitutional.

Section 17113.5 was enacted by Assembly Bill No. 2739 (AB 2739) which became effective May 19, 1986. This urgency legislation cancelled the June 3, 1986, election for sheriff in San Mateo County and scheduled a new election for August 26, 1986. Jim White (petitioner), a candidate for Sheriff of San Mateo County, successfully petitioned the Supreme Court to stay the law's operation pending determination of its constitutionality. Having ordered respondents to proceed with the election but not to count the ballots, the Supreme Court transferred to us the question of its constitutionality. ■ We hold that section 17113.5 is rendered invalid by the California Constitution's prohibition against special legislation. (Art. IV, § 16.)

On its face AB 2739 cancels only the June 3, 1986, election for sheriff, and only those elections in which the incumbent sheriff is a candidate for reelection and is opposed by only one other candidate (excluding write-ins) and dies after the close of filing but before the election.[2] Hindsight reveals that AB 2739 applied only to the San Mateo County election for sheriff, since Sheriff Brendan Maguire was the only sheriff in California who was a candidate for reelection, who was opposed by but one candidate, and who died after the close of filing but before the election. That the Legislature had in mind but one situation is readily apparent from a glance at section 3 of the bill which sets forth the facts justifying its urgency: "An incumbent sheriff suddenly and unexpectedly has died before the June 3, 1986, election. Only one other candidate's name will appear on the ballot. . . ."[3] That singular specificity described the San Mateo situation at the time of the bill's introduction.

---

[1] Unless otherwise indicated, all statutory references are to the Elections Code.

[2] AB 2739 reads in pertinent part: "Section 17113.5 is added to the Elections Code, to read: [¶] 17113.5. Notwithstanding Sections 2502, 2600, 2650, and 17113 or any other provision of law, if an incumbent sheriff is a candidate for the office of sheriff at an election held with the statewide primary at which candidates for Governor are nominated, and the incumbent sheriff dies after the hour of 12:01 a.m. of the 59th day before the election, at which only one other candidate, excluding any write-in candidates, has qualified to have his or her name placed on the ballot for the office, that election shall not be held, and no votes cast for that office shall be counted. Instead, a special election for the office of sheriff shall be held on the 10th Tuesday preceding the statewide general election."

[3] AB 2739 provides: "SEC. 3. This act is an urgency statute necessary for immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are as follows: [¶] An incumbent sheriff suddenly and unexpectedly has died before the June 3, 1986, election. Only one other candidate's name will appear on the ballot. Other qualified candidates did not declare their candidacies because the incumbent sheriff was seeking reelection. It is necessary to cancel the upcoming election and hold a special election in November [sic], 1986, so that voters will have a full and fair opportunity to select their sheriff from the broadest field of qualified candidates possible."

Common sense dictates the conclusion that the Legislature intended AB 2739 to affect the San Mateo County Sheriff's election and only that election.[4] That conclusion, however, does not end our inquiry.

I. *AB 2739 Violates the California Constitution Because a General Statute Applies to the Situation It Addresses.*

For 137 years the California Constitution has provided that a local or special statute is invalid in any case if a general statute can be made applicable.[5]

Can a general statute be made applicable to this situation? The very section of the Elections Code which AB 2739 follows, section 17113,[6] provides that when *any* candidate (not just an incumbent) for *any* office (not just sheriff) dies after the close of filing, but before *any* election (not just the June 3, 1986, primary), the deceased candidate shall remain on the ballot and the election shall be held. If the deceased candidate receives a majority of the votes cast, the board of supervisors is to appoint a temporary successor until the person elected at the next regularly scheduled election after the term begins qualifies.

It is clear that at the time of Sheriff Maguire's death (i.e., before passage of AB 2739) the law required the election to proceed with the sheriff remaining on the ballot; should he win, the office would become vacant on January 5, 1987, and a successor would be elected at the next regularly scheduled election thereafter (see Gov. Code, § 25304.5);[7] should his sole

---

[4]Respondents contend that to draw such a conclusion requires first that the words "San Mateo" be actually inscribed in the legislation. We disagree.

[5]California Constitution, article IV, section 16, presently reads: "(a) All laws of a general nature have uniform operation. [¶] (b) A local or special statute is invalid in any case if a general statute can be made applicable." (See former art. IV, § 25.)

[6]Section 17113 of the Elections Code provides: "Whenever a candidate whose name appears upon the ballot at any election dies after the hour of 12:01 a.m. of the 59th day before the election, the votes cast for such deceased candidate shall be counted in determining the results of the election for the office for which the decedent was a candidate. If the deceased candidate receives a majority of the votes cast for the office, he shall be considered elected and the office to which he was elected shall be vacant at the beginning of the term for which he was elected. The vacancy thus created shall be filled in the same manner as if the candidate had died subsequent to taking office for that term."

[7]Section 25304.5 of the Government Code provides: "If on the first Monday after January 1 following a general election the person elected to an elective county office has resigned or died, the board of supervisors shall provide that the office which was made vacant shall be filled at the next regularly scheduled election. The board of supervisors may appoint a person to temporarily carry out the duties of any office to be filled by such an election and that person shall serve until the results of the election are declared. [¶] The person elected shall serve for the remainder of the term which began on the first Monday after January 1 immediately preceding the election."

opponent, Jim White, win, then White would assume the office on January 5, 1987. Thus, long before enactment of the challenged statute, the Legislature foresaw the confusion which could result from the death of a candidate after the close of filing, but before the election, and fashioned an orderly procedure to maintain the integrity of the electoral process.

How, then, does AB 2739 change this situation? Obviously, it precludes White or anyone else (i.e., a write-in) from being elected at the June 1986 San Mateo County primary. And it provides for an election at a date earlier than would have been the case under existing law had Sheriff Maguire won the election. For under AB 2739, Sheriff Maguire's successor would have been elected prior to, and would be able to assume office on, January 5, 1987; under existing law a vacancy would exist on that date, and an election to fill it would occur at the next regular election which, we are informed, would be in March of 1987.

In upholding the refusal of the board of supervisors to call a special election at the behest of the Ventura County Harbor District on the basis that the very legislation creating that district was special legislation, our Supreme Court, 56 years ago, spoke clearly: "It seems clear to us that if the legislature itself defines, declares and puts in operation a general law upon a subject, the courts can do nothing less than apply the constitutional provisions . . . and declare the special act invalid under the mandatory provisions of the Constitution." (*Harbor Dist.* v. *Board of Supervisors* (1930) 211 Cal. 271, 276-277 [295 P. 6].) Therein the court recognized (1) the time-honored presumption that public officers have discharged their duties properly and that every act of the Legislature is valid until there is a judicial determination to the contrary; and (2) if there is no general law on the subject it will be presumed that the Legislature had before it the facts rendering it impractical to pass a general law. But holding that these presumptions no longer assist us when the Legislature itself has "by its own solemn act" preempted the field, the court distinguished its previous decisions upholding the validity of admittedly special statutes thusly: ". . . and other similar statutes have been upheld *but in no instance have we found that, where a general law fully applicable and complete on the subject is in existence, a special law has been upheld.*" (*Id.*, at p. 278, italics added.)

The general law, section 17113, applies to *any* election at which *any* candidate for *any* office dies after the close of filing and before the election. Its enactment repealed the common law of California that votes cast for a deceased candidate were invalid and not to be considered for any purpose. (See *Blaine* v. *Board of Supervisors* (1934) 1 Cal.2d 486 [35 P.2d 517].) That it would apply to San Mateo County's June 3, 1986, sheriff's election had not the Legislature enacted AB 2739 is certain. Its application to that

election would give voters a choice between the living candidate, White, or another election; to achieve the latter, they need only cast a majority of votes for deceased Sheriff Brendan Maguire. No reason exists to deny the electorate this choice. The Legislature did specify that its reason for enacting AB 2739 was "so that voters will have a full and fair opportunity to select their sheriff from the broadest field of qualified candidates possible."[8] But the Legislature already had given voters that opportunity when it enacted the general law (the predecessor to § 17113) 27 years ago. So the decision whether to give the voters such a "full and fair opportunity" already clearly rested under existing law not with the Legislature, but with the voters of San Mateo County themselves.

## II. *AB 2739 Is Special—Not General—Legislation.*

▮ Nevertheless, AB 2739 may escape invalidity as a special law if it can itself meet the test of a general law. "'[A law] . . . is general . . . when it applies equally to all persons embraced in a class founded upon some natural or intrinsic or constitutional distinction . . . . [It is a special law] . . . if it confers particular privileges or imposes peculiar disabilities or burdensome conditions, in the exercise of a common right, upon a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the Law.'" (*Serve Yourself Gas etc. Assn.* v. *Brock* (1952) 39 Cal.2d 813, 820 [249 P.2d 545], brackets in original.)

▮ In section 17113.5 the Legislature has distinguished for special treatment (1) elections for sheriffs, (2) where the *incumbent* dies, (3) where there is but one other candidate on the ballot, and (4) where the election is held with the statewide primary in 1986, i.e., on June 3, 1986.[9] Respondents contend that the interests which support this classification are the interests in limiting voter confusion and meeting the constitutional requirement that county sheriffs be elected. The interest in limiting voter confusion is not peculiar in any way to an election for sheriff and, even if it were, that interest is not jeopardized by an election in which the incumbent dies and there is but one other candidate. It would be equally confusing if the challenger died or if one of several candidates died. There simply is no rational relationship between these four specific conditions and a fair and orderly election.

---

[8]See footnote 3, *ante.*

[9]This latter conclusion is inescapable since the legislation applies to "an election held with the statewide primary at which candidates for Governor are nominated" and it "shall remain in effect only until January 1, 1987, and as of that date is repealed." We take judicial notice that the only election meeting those conditions is the June 3, 1986, primary.

Nor is there a rational relationship between these specific conditions and the requirement that a sheriff be *elected* rather than appointed. The untimely death of Sheriff Maguire has created a vacancy in the office which exists until January 5, 1987 (under AB 2739), or until the next regular election thereafter (under existing law); the board of supervisors may fill that temporary vacancy with an interim appointee under either provision. The Legislature has provided for an orderly method of filling the terms of those who die in office. That method includes the appointment by the elected board of supervisors of someone to temporarily carry out the duties of a person who dies in office. (Gov. Code, § 25304.5.) AB 2739 does not alter these general laws. Only in one instance does it serve to shorten the tenure of the interim appointee. It is thus impossible to classify this as anything other than invalid special legislation.

## CONCLUSION

We are aware of no other instance in the history of this state where legislation has been enacted which has interfered with the election process once that process, as here, has been set in motion. We hold that action invalid under the California Constitution.

Let a peremptory writ of mandate issue directing respondents to count the ballots for the office of Sheriff of San Mateo County and to certify the results of the June 3, 1986, election for that office. In order to expedite further proceedings, this opinion is final forthwith. (Cal. Rules of Court, rule 24(c).)

Poché, J., and Sabraw, J., concurred.