[Crim. No. 1316.  In Bank.—March 31, 1906.]

Ex Parte R. F. QUARG on Habeas Corpus.

CONSTITUTIONAL LAW—INVALID EXERCISE OF POLICE POWER—SALE OF THEATER TICKETS.—The act of March 18, 1905, prohibiting any person from selling tickets to any theater or other public place of amusement for a price higher than that originally charged by the management thereof, and making it a misdemeanor not to comply therewith, is not a valid exercise of police power, and is void as infringing on the rights of property guaranteed by the constitution and existing in the individual.

ID.—SURRENDER OF PERSONAL RIGHTS.—These rights are in fact inherent in every natural person, and do not depend on constitutional grant or guaranty.  Under our form of government by constitution the individual, in becoming a member of organized society, unless the constitution states otherwise, surrenders only so much of these personal rights as may be considered essential to the furtherance of the objects for which it exists.

WRIT OF HABEAS CORPUS to the Chief of Police of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Leon Samuels, for Petitioner.

Lewis F. Byington, District Attorney, David Freidenrich, and Naphtaly, Freidenrich & Ackerman, for Respondent.

SHAW, J.—The act of March 18, 1905, added a new section

to the Penal Code, numbered 526, which reads as follows:
"Every person who sells or offers for sale any ticket or tickets
to any theater or other public place of amusement at a price
in excess of that charged originally by the management of
such theater or public place of amusement is guilty of a
misdemeanor." (Stats. 1905, p. 140, c. 140.) The petitioner
is in custody upon conviction of a violation of this section,
and seeks a discharge on the ground that the provisions of
the section are unconstitutional, and consequently that the
judgment of conviction is void.

The constitutional guaranty securing to every person the
right of "acquiring, possessing, and protecting property," re-
fers to the right to acquire and possess the absolute and unqual-
ified title to every species of property recognized by law, with
all the rights incidental thereto, and, in connection with the
right of personal liberty, it includes the right to dispose of such
property in such innocent manner as he pleases, and to sell
it for such price as he can obtain in fair barter. Any statute
which interferes with this right, except in cases where the
public health, morals, or safety, or the general welfare au-
thorizes such restriction as an exercise of the police power, is,
to the extent of such interference, unconstitutional and void.
(8 Cyc. 886.) These rights are in fact inherent in every
natural person, and do not depend on constitutional grant or
guaranty. Under our form of government by constitution,
the individual, in becoming a member of organized society,
unless the constitution states otherwise, surrenders only so
much of these personal rights as may be considered essential
to the just and reasonable exercise of the police power in
furtherance of the objects for which it exists. (Cooley on
Statutory Limitations, pp. 68, 244; 1 Barbour on Rights, pp.
122, 284.)

It is, perhaps, not important in this case to consider and
define the precise nature of a theater ticket. It may be either
a mere license, revocable at the will of the proprietor of the
theater, or it may be evidence of a contract whereby, for a
valuable consideration, the purchaser has acquired the right
to enter the theater and observe the performance, on condition
that he behaves properly. These are matters which concern
only the proprietor and the purchaser. No third person can

question the right of the purchaser. However, by the act of 1893 (Stats. 1893, p. 220, c. 185), a ticket of admission to a public place of amusement, when sold, is made at least an irrevocable license to the purchaser of the ticket to occupy a place therein during the performance. (*Greenberg* v. *Western Turf Assn.*, 140 Cal. 360, [73 Pac. 1050].) Such a ticket, therefore, represents a right, positive or conditional, as the case may be, according to the terms of the original contract of sale. This right is clearly a right of property. The ticket which represents that right is also necessarily a species of property. As such, the owner thereof, in the absence of any condition to the contrary in the contract by which he obtained it, has the clear right to dispose of it; to sell it to whom he pleases and at such price as he can obtain. The statute in question forbids any sale for a price higher than that at which it was sold by the proprietor of the theater, and, to that extent, it infringes upon the right of property guaranteed by the constitution and existing in the individual. It is therefore a void enactment, unless it can be upheld as an exercise of the police power.

The police power is broad in its scope, but it is subject to the just limitation that it extends only to such measures as are reasonable in their application and which tend in some appreciable degree to promote, protect, or preserve the public health, morals, or safety, or the general welfare. The prohibition of an act which the court can clearly see has no tendency to affect, injure, or endanger the public in any of these particulars, and which is entirely innocent in character, is an act beyond the pale of this limitation, and it is therefore not a legitimate exercise of police power. The sale of a theater ticket at an advance upon the original purchase price, or the business of reselling such tickets at a profit, is no more immoral, or injurious to public welfare or convenience, than is the sale of any ordinary article of merchandise at a profit. It does not injure the proprietor of the theater; he must necessarily have parted with the ticket at his own price and upon his own terms before such resale can be made. It does not injure the second buyer; he must have had the same opportunity as the first buyer to purchase a similar ticket, and no greater right thereto, and having neglected that

CXLIX Cal.—6

opportunity, or being unwilling to undergo the necessary inconvenience, and willing to pay a higher price rather than forego the privilege which the other by his greater diligence and effort has obtained, the transaction is just, so far as he is concerned. The fact that such tickets are obtained and resold at an advance does not compel the manager of the theater to put the tickets upon the same plane as ordinary articles of merchandise. He can make them non-transferable and place in the contract of sale any conditions necessary for the protection of himself or his patrons, and by printing such conditions on the tickets he can prevent their resale to innocent buyers. He can restrict or limit the number of tickets sold to one person, and, in general, manage his own business according to his own will, except that, by the act of 1893, he cannot refuse admission to a well-behaved and proper person, holding a ticket which he has sold without conditions affecting such holder. There is nothing in that act, nor in the decision in *Greenberg* v. *Western Turf Assn.*, 140 Cal. 360, [73 Pac. 1050], which would operate to prevent the imposition of such conditions. The act of 1893 does not purport to regulate or control the original sales of tickets, nor to make them assignable at all events, contrary to the terms of such sale. Section 526 of the Penal Code, above quoted, does not purport to forbid the resale of tickets which by the original contract of sale have been made non-transferable, nor a resale for a price equal to or less than that of the original sale. It only forbids sales at an advanced price, and as to such sales, it forbids them all. It is plainly not enacted for the purpose of preventing such frauds as the sale of tickets to innocent purchasers, contrary to the conditions of the original sale forbidding a transfer. The act must be considered as intended to be operative without regard to the willingness or unwillingness of the manager to allow the transfer, to be directed to the transfer of all tickets, assignable or non-assignable, and to have been intended to interfere with the purchaser who for any reason wishes to engage in the unhurtful transaction or business of reselling at a profit a property right which he has lawfully acquired. It is perhaps unnecessary to add that the right to attend a theater is not so sacred or important in character as to require or justify legislation

regulating the price of admission. Viewed in any aspect, we think the legislation in question is an unwarrantable interference with the inherent and constitutional rights of individuals, and for that reason is void.

Let the petitioner be discharged.

Beatty, C. J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.

McFarland, J., concurred in the judgment.