## THE PEP BOYS, MANNY, MOE & JACK OF CALIFORNIA, INC. *v.* PYROIL SALES CO., INC.*

No. 55. Argued November 12, 1936.—Decided December 7, 1936.

*Mr. John W. Davis,* with whom *Mr. Irving M. Walker* was on the brief, for appellant in No. 55.

---

*Together with No. 79, *Kunsman* v. *Max Factor & Co. et al.* Appeal from the Supreme Court of California.

*Mr. Edward S. Rogers,* with whom *Messrs. Stanley A. Weigel* and *Karl D. Loos* were on the brief, for appellee in No. 55.

In No. 55, briefs of *amici curiae* were filed by leave of Court by *Mr. W. H. Crichton Clarke,* on behalf of the American Booksellers' Association, urging affirmance of the judgment below; and by *Messrs. Leon Lauterstein* and *Melbourne Bergerman,* on behalf of R. H. Macy & Co., urging reversal of the judgment below.

*Mr. Jules C. Goldstone* submitted for appellant in No. 79.

*Messrs. Edward S. Rogers, Stanley A. Weigel,* and *Karl D. Loos* submitted for appellees in No. 79.

In No. 79, briefs of *amici curiae* were filed by leave of Court by *Mr. Herbert Levy,* on behalf of the National Association of Retail Druggists; *Mr. Fred C. Rector,* on behalf of the Ohio State Pharmaceutical Association; and *Mr. W. H. Crichton Clarke,* on behalf of the American Booksellers' Association, all urging affirmance of the judgment below.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

These appeals involve the question of the constitutionality of §§ 1 and 1½ of the California Fair Trade Act, as amended, Cal. Stat. 1931, p. 583, Cal. Stat. 1933, p. 793; Deering's Gen. Laws of California, 1931, vol. 3, Act 8782, printed in the margin.\* It will be seen upon

---

\* "Section 1. No contract relating to the sale or resale of a commodity which bears, or the label or content of which bears, the trademark, brand, or name of the producer or owner of such commodity and which is in fair and open competition with commodities of the same general class produced by others shall be deemed in violation

comparison that they are substantially identical with §§ 1 and 2 of the Illinois act, which we have just sustained in *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp., ante* p. 183.

In the present cases suits were brought by appellees against appellants to enjoin the latter from alleged violations of § 1½. The sufficiency of the complaints was challenged by demurrer, the facts alleged being, therefore, admitted. The trial courts, upon these facts, held the section invalid, and appeals were taken to the state supreme court. In that court, No. 79 was first heard; the view of the trial courts was rejected; and the section held to be constitutionally valid. 5 Cal. (2d) 446; 55 P. (2d) 177. Upon the authority of that decision, No. 55 was also reversed. 5 Cal. (2d) 784; 55 P. (2d) 194, 1186. The decrees of the trial courts entered on the orders sustaining demurrers without leave to amend were re-

---

of any law of the State of California by reason of any of the following provisions which may be contained in such contract:

1. That the buyer will not resell such commodity except at the price stipulated by the vendor.

2. That the vendee or producer require in delivery to whom he may resell such commodity to agree [*sic*] that he will not, in turn, resell except at the price stipulated by such vendor or by such vendee.

Such provisions in any contract shall be deemed to contain or imply conditions that such commodity may be resold without reference to such agreement in the following cases:

1. In closing out the owners' stock for the purpose of discontinuing delivering any such commodity.

2. When the goods are damaged or deteriorated in quality, and notice is given to the public thereof.

3. By any officer acting under the orders of any court.

Sec. 1½. Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provision of section 1 of this act, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

versed; and respondents (appellants here), having elected to stand on their demurrers, the trial courts were ordered to enter judgment in favor of appellants (appellees here), as prayed for in their complaints.

The questions presented and the facts involved are substantially the same as those which were present in the two suits involved in the *Old Dearborn Distributing Company* case; and upon that authority, the decrees entered in the court below are

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of these cases.