[Crim. No. 4169. In Bank.—December 13, 1938.]

In the Matter of the Application of ROBERT R. SIDE-BOTHAM for a Writ of Habeas Corpus.

J. B. Freeman for Petitioner.

U. S. Webb, Attorney-General, Ralph H. Cowing, Deputy Attorney-General, P. B. Lynch, District Attorney, Solano County, and I. K. Jones, Deputy District Attorney, for Respondent.

Breed, Burpee & Robinson, as *Amici Curiae,* on Behalf of Respondent.

LANGDON, J.—Petitioner, after conviction and sentence for violation of certain provisions of the Real Estate Act, secured a writ of *habeas corpus* from the District Court of Appeal, and after a favorable decision in said court, was ordered discharged. Respondent sheriff then sought a hearing in this court. The sole issue before us is the constitutionality of the regulation of subdivisions under the terms of said act. (Deering's Gen. Laws, 1937, Act 112, sec. 20 et seq.)

Section 20a of the act provides that prior to the time when subdivided lands are offered for sale or lease, the owner, his agent or subdivider shall notify the real estate commissioner in writing of his intention to sell, and in such notice shall give the name and address of the owner and the subdivider; description and area of the land; true statement of the condition of the title, particularly including all encumbrances; the terms or conditions on which it is intended to dispose of the land; and copies of contracts intended to be used. The commissioner may require ''such additional information concerning the project as he may deem necessary'', and may prepare a questionnaire to be answered. Section 20b authorizes the commissioner at the expense of the owner, his agent or subdivider, to investigate any subdivision offered for sale or lease and make public his findings. Section 20c provides that the commissioner may issue an order prohibiting the sale or lease of the property if his examination shows that the sale or lease ''would constitute misrepresentation to or deceit or fraud of the purchasers of lots or parcels in such subdivision''. This examination is followed by a public report (sec. 20e), and before any prohibitory order, a hearing

must be held (sec. 20f). After the project has been submitted to the real estate division, no material changes may be made without first notifying the division (sec. 20g). If the land is subject to a lien or encumbrance, provision must be made enabling the vendor to deliver title to each parcel sold free of such lien or encumbrance, upon completion of performance by the purchaser. (Sec. 20h.) For the purpose of the act, "subdivision" is defined as "land or lands divided or proposed to be divided for the purpose of sale or lease, whether immediate or future, into five or more lots or parcels". (Sec. 20j.) Violation of these sections is made punishable by imprisonment in the county jail for not exceeding two years, or a fine not exceeding $2,000, and by suspension or revocation of a real estate broker's license. (Sec. 20l.)

Petitioner pleaded guilty to a charge of subdividing and offering for lease and sale certain land in Solano County without first notifying the commissioner, in violation of the terms of section 20a, *supra*. Sentence of imprisonment in the county jail for one year was pronounced, and *habeas corpus* was then sought on the ground that the law is invalid. It is contended that these sections are unconstitutional in that they place unreasonable burdens on the exercise of property rights, and that they are vague and uncertain. In our opinion these contentions are not sound.

The assertion that this is not valid police power legislation because it benefits only a special class, the purchasers and lessees of subdivided real estate, and not the whole public, is without substance. The police power may be, and usually is, exercised for the purpose of protecting particular classes of the public in need of such protection, and it is rare indeed that a single law includes everyone in the scope of its regulations. The object of the present law, prevention of fraud and sharp practices in a type of real estate transaction peculiarly open to such abuses, is obviously legitimate; and the method, involving investigation and disclosure of certain essential facts, and a protection for the innocent purchaser against loss of his land by foreclosure of the underlying mortgage, is perfectly reasonable.' A safeguard against arbitrary action is provided in the requirement of a public report of the commissioner's investigation and a public hearing on any contemplated prohibitory order. The decisions sustaining regulatory legislation to prevent fraud are numerous, and

they fully support the law herein attacked. Particularly in point are *People* v. *Craven*, 219 Cal. 522 [27 Pac. (2d) 906], upholding the provisions of the Corporate Securities Act requiring an individual to secure a permit for the issuance of "certificates of interest"; and *Wholesale Tobacco Dealers Bureau* v. *National Candy & Tobacco Co.*, 11 Cal. (2d) 634 [82 Pac. (2d) 3, 118 A. L. R. 486], upholding the California Unfair Practices Act. (See, also, *Hall* v. *Geiger-Jones Co.*, 242 U. S. 539 [37 Sup. Ct. 217, 61 L. Ed. 480, Ann. Cas. 1917C, 643, L. R. A. 1917F, 514], on corporate securities acts; *Riley* v. *Chambers*, 181 Cal. 589 [185 Pac. 855, 8 A. L. R. 418], upholding the California Real Estate Brokers' License Act; *Gregory* v. *Hecke*, 73 Cal. App. 268 [238 Pac. 787], sustaining the statute preventing adulteration, false labeling or fraud in sale of germicides used for plant pests; *Pacific Coast Box & Basket Co.* v. *White*, 296 U. S. 176 [56 Sup. Ct. 159, 80 L. Ed. 138, 101 A. L. R. 853], upholding law regulating size and shape of berry containers; and many other authorities reviewed in the above decisions.)

Petitioner relies on *People* v. *Pace*, 73 Cal. App. 548 [238 Pac. 1089], wherein it was held that a provision of the Corporate Securities Act regulating the sale by an individual of securities personally owned, and not issued or underwritten by him, was an unconstitutional restriction on his right to dispose of property. We need not here consider the extent to which the Pace case has been limited by the opinion in *People* v. *Craven, supra* (see 22 Cal. L. Rev. 341), except to point out that the present legislation falls within the principles laid down in the Craven case. There the subject-matter was securities, individually owned, but issued by the defendant, and this latter fact furnished the basis for valid regulation. Here, the owner or subdivider, initiating the project, is in somewhat the same position. But a more conclusive answer to the Pace case is that the present statute requires no permit for the sale, but merely the giving of certain information to prevent fraud and oppression against lot purchasers, and this requirement, as we have already stated, is a reasonable one.

Petitioner contends that section 20j, defining "subdivision", is arbitrary and indefinite, and also attacks the act for failure to define "misrepresentation" or "fraud". We find no uncertainty in these terms. The legislature must

necessarily choose some point at which the sale of parcels from a large tract gives rise to the possible evils which require regulation, and we cannot say that the determination of five lots is improper. And the terms "fraud" and "misrepresentation" are commonly understood and fully defined judicially.

It is also suggested that unfair or discriminatory action is permitted by the delegation of powers to the commissioner, but since nothing of the sort was alleged to have been done in the instant case, there is no such issue before us now.

The writ is denied, and petitioner is remanded to custody.

Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

EDMONDS, J., Dissenting.—I am unable to agree that the legislature may constitutionally require the owner of real estate who desires to sell it in five or more parcels to notify the real estate commissioner of his intention so to do and to pay $50 or more for "an examination of the project". The Constitution of this state provides that all persons have certain inalienable rights, among which are those of "acquiring, possessing and protecting property". (Art. I, sec. 1, Const.) This provision guarantees an owner of property the right to dispose of it "in such innocent manner as he pleases, and to sell it for such price as he can obtain in fair barter". (*Ex parte Quarg,* 149 Cal. 79 [84 Pac. 766, 117 Am. St. Rep. 115, 9 Ann. Cas. 747, 5 L. R. A. (N. S.) 183].)

Although under the police power the state may properly limit the enjoyment and disposition of property, ordinarily such regulations will be upheld only where they are reasonably related to the health, morals or safety of the public. Even a purpose to protect people from their own folly will not overcome constitutional rights. Both the federal and state Constitutions guarantee the individual's freedom of conduct, and although there are certain limitations which may be placed upon that freedom, in my opinion the act here before the court is not a regulation which it is within the legislative power to impose.

In the leading case of *People* v. *Pace,* 73 Cal. App. 548, 559 [238 Pac. 1089], the defendant was prosecuted for a violation of the Corporate Securities Act. The court held that the police power of the state may not be invoked, under the guise of general welfare, "to interfere with the sale by an

individual of his own property when the acquiring and possession of such property is not contrary to law''. This case was followed by the District Court of Appeal in *Clover* v. *Jackson*, 81 Cal. App. 55 [253 Pac. 187], and in *Pollak* v. *Staunton*, 210 Cal. 656, 659 [293 Pac. 26], it was cited for authority for the statement that ''a natural person owning securities of which he is not the issuer or underwriter may sell such securities for his own account without procuring a permit from the Commissioner of Corporations''. Later, one Lesser appealed from a judgment of conviction for violating the Corporate Securities Act and it was held that ''in so far as the regulation [provided by it] takes away the right of the owner to sell his own property, it is void. . . . Under the guise of 'regulation' a long-established constitutional right, such as is here involved, may not be abridged''. (*People* v. *Lesser*, 123 Cal. App. 489 [11 Pac. (2d) 668].) The case of *People* v. *Pace*, *supra*, said the court, states a principle of constitutional rights which has broad application.

Nothing which was said in *People* v. *Craven*, 219 Cal. 522 [27 Pac. (2d) 906], is authority for upholding the statute challenged in the present case. In the Craven case this court held that the state may properly prohibit an individual from selling a security of his own issue. But the sale of a security created by an individual stands in a different category from the sale of tangible property and the regulation of the sale of securities rests upon the principle that it is within the power of government to prevent deception concerning them because their value consists in what they represent. The intangibility of securities, said the Supreme Court of the United States, require and allow regulations concerning their sale different than those which may be applied to other property. (*Hall* v. *Geiger-Jones Co.*, 242 U. S. 539 [37 Sup. Ct. 217, 61 L. Ed. 480, Ann. Cas. 1917C, 643, L. R. A. 1917F, 514].)

In my opinion the statute which the petitioner was charged with violating imposes onerous and unreasonable restrictions upon owners of real property precluding them from enjoying the constitutional guaranty of ownership and control of it; hence the writ should be granted and the petitioner discharged.

Houser, J., concurred.