165 Cal.App.2d Supp. 821 (1958)
THE PEOPLE, Appellant,
v.
EUGENE VAN WONG, Respondent.
California Court of Appeals. 
Dec. 1, 1958.
 Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Appellant.
 George Chatterton, City Public Defender, for Respondent.
 DAVID, J.
 Section 42.03 of Los Angeles Ordinance Number 77,000, the Municipal Code, was held invalid by the trial judge, who sustained a demurrer to the complaint against the defendant and dismissed it. The complaint charged the defendant with sale of and offer to sell a ticket admitting one to a Los Angeles Coliseum event, conjoining in the charges all the circumstances proscribed within 250 feet of the Los Angeles Memorial Coliseum "upon and along a public street, sidewalk, alley, and publicly owned park and place."
 [1] (1) It is asserted that this a valid police regulation to prohibit the practice of ticket scalping. On its face, the ordinance does not purport to do so:
 (a) It makes no distinction between sales of tickets above the quoted price, and those below it.
 (b) It makes no distinction between the private individual who passes his "spare ticket" to a friend and receives the price while on public property, and those who are doing business of selling tickets.
 Appellant's counsel urges, that under selective enforcement, [165 Cal.App.2d Supp. 823] this would never happen. It is damning that it could. [2] "It does not answer the charge that the act in question is unconstitutional to say that a person clothed with such power may not see fit to use the power. The rule in determining whether the act is in conflict with constitutional guaranties is whether or not the act is broad enough to authorize such unconstitutional act." (In re Application of Blanc (1927), 81 Cal.App. 105, 113 [252 P. 1053], quoting People v. Pace (1925), 73 Cal.App. 548, 560 [238 P. 1089].)
 [3] (c) It leaves legal ticket sales or scalping at every club, newsstand, pool hall or other place in the city, and picks out the 250 feet zone for application of the ordinance. In this latter aspect, it is clearly invalid: cf. Justesen's Food Stores, Inc. v. City of Tulare (1938), 12 Cal.2d 324 [84 P.2d 140].
 [4] (d) The control of amusement ticket sales or resales has been held not to fall within the legitimate scope of municipal police power, in the State of California. Counsel acknowledge the holdings and dicta of Ex parte Quarg (1906), 149 Cal. 79 [84 P. 766, 117 Am.St.Rep. 115, 9 Ann.Cas. 747, 5 L.R.A.N.S. 183], and In re Dees (1920), 46 Cal.App. 656 [189 P. 1050] (to which may be added Tyson & Bro. etc. Offices v. Banton (1926), 273 U.S. 418 [47 S.Ct. 426, 71 L.Ed. 718, 58 A.L.R. 1236]; and later California cases on the basic private right involved: Pollak v. Staunton (1930), 210 Cal. 656 [293 P. 26]; People v. Lesser (1932), 123 Cal.App. 489, 493 [11 P.2d 668]; People v. Pace, supra, 73 Cal.App. 548; People v. Davenport (1937), 21 Cal.App.2d 292, 297 [69 P.2d 862]).
 Since the case of Ex parte Quarg, supra, 149 Cal. 79, it is true that the limits of the police power over the general welfare in price-fixing etc. have been redefined. (Max Factor & Co. v. Kunsman (1935), 5 Cal.2d 446 [55 P.2d 177], aff'd. 299 U.S. 198 [57 S.Ct. 147, 81 L.Ed. 122]; Clemons v. City of Los Angeles (1950), 36 Cal.2d 95, 102 [222 P.2d 439].) But in all of the controversies engendered, while Ex parte Quarg, supra, 149 Cal. 79, has been frequently cited, it has never been overruled. The principles here involved are well-stated in State Board of Dry Cleaners v. Thrift-D-Lux Cleaners, Inc. (1953), 40 Cal.2d 436 [254 P.2d 29], both as to the police power, legislative limits, and reasonableness of restrictions.
 [5] (2) Appellant's counsel, conceding the force of the California decisions, has asserted that the ordinance in question was drawn to accomplish the same purpose by emphasizing the municipal control over the place of sale. [165 Cal.App.2d Supp. 824]
 If the ordinance is to be sustained, it must be upon the ground that sale is not prohibited absolutely, but that the place of sale is reasonably restricted. (Cf. Hart v. City of Beverly Hills (1938), 11 Cal.2d 343, 345, 350 [79 P.2d 1080].)
 It is reasonable to prohibit all of the acts specified in the ordinance upon public streets and in public places? These are for the common use of all the people and for all common uses, save those which are restricted in the interests of the public health, safety and welfare; and when restrictions are imposed, there must not be discrimination. In connection with the latter, many considerations apropos of the present controversy are embraced within the dicta of McKay Jewelers, Inc. v. Bowron (1942), 19 Cal.2d 595 [122 P.2d 543, 139 A.L.R. 1188].
 It seems patently discriminatory to hold that sales may be made at a ticket booth on the public grounds, but cannot be made in a single instance from a citizen's pocket. The former will give rise to the accumulation of crowds, the impedance of passage; the latter would do neither. Peanuts, popcorn, chewing gum, programs, or newspapers could be sold but a ticket cannot. This clearly is the type of discrimination which invalidates an ordinance, whose restrictions must have a reasonable and nondiscriminatory relationship to the public's right of user of streets and public grounds, and where the classification is not based on any inherent differences relating thereto. (Cf. Justesen's Food Stores, Inc. v. City of Tulare, supra, 12 Cal.2d 324.) Conduct of members of the public upon public streets and ways can be regulated, only if there is some valid basis in restricting their activities, in furthering the general public user. If the general public user is not affected one way or the other by the proscribed activity, it cannot validly be proscribed. (McKay Jewelers, Inc. v. Bowron, supra, 19 Cal.2d 595, 601, 602, 604-605.)
 The orders sustaining the demurrer and dismissing the complaint are affirmed.
 Bishop, P. J., concurred.