MONROE, J.
 

 In 1956, prosecution of the defendant was commenced for seven alleged violations of the Municipal Code of San Diego regulating the auto wrecking business. Heretofore five of these counts have been disposed of. The defendant sought a writ of prohibition in the superior court upon the ground that the ordinance was unconstitutional, but the superior court ruled, and it was affirmed by the District Court of Appeal, that the question was one which could and should be properly determined upon the trial of the ease. The case was therefore tried, and the defendant having been found guilty of two separate violations, this appeal is taken.
 

 The sole question for determination is the validity of the two sections of the ordinance governing the auto wrecking business involved. No contention is made with reference to the sufficiency of the evidence, and it may be taken as conceded that if these sections are valid enactments the judgment of conviction should be affirmed.
 

 The first section in question is number 33.0903.1, concerning the fencing. It is provided that such an establishment is to be surrounded by a solid fence or wall at least 6 feet in height. A similar ordinance was before the court in
 
 People
 
 v.
 
 Sevel,
 
 120 Cal.App.2d Supp. 907 [261 P.2d 359], decided by the appellate division of this court. It was there held that an ordinance requiring such an establishment to be surrounded by a fence was a valid and constitutional enactment. The point involved in this case, however, was not considered by the court in that decision. It is conceded that it is entirely within the power and discretion of the municipality to require that an establishment of this character be surrounded by a fence. The defendant contends, however, that the requirement that the fence be solid is for no other purpose than the aesthetic one of screening an unsightly business from the view of the passing public.
 

 
 *Supp. 874
 
 There can be no question of the general proposition that ordinances of this character must be confined to regulations relative to the health, morals or safety, or the general public welfare.
 
 (Ex parte Quarg,
 
 149 Cal. 79 [84 P. 766, 117 Am.St.Rep. 115, 9 Ann.Cas. 747, 5 L.R.A.N.S. 183] ;
 
 Frost
 
 v.
 
 City of Los Angeles,
 
 181 Cal. 22 [183 P. 342, 6 A.L.R. 468].) It follows, therefore, that the provision that has for its purpose the aesthetic one of regulating unsightly things must be held to be an unreasonable interference with the right to carry on a lawful and legitimate business.
 
 (Varney & Green
 
 v.
 
 Williams,
 
 155 Cal. 318 [100 P. 867, 132 Am.St.Rep. 88, 21 L.R.A.N.S. 741].)
 

 This court is unable to find any substantial reason for the requirement that the fence be solid, other than the purpose of screening the contents of the yard from public view. Other provisions of the ordinance give indication of that purpose, and no other reason for that requirement has been called to the attention of the court. In this ease the defendant has been charged and convicted with the offense of failing to enclose his yard in such solid fence.
 

 The reasoning» of the court in
 
 City of New Orleans
 
 v.
 
 Southern Auto Wreckers, Inc.,
 
 193 La. 895 [192 So. 523], relied upon by defendant, although not binding upon the courts of California is nevertheless persuasive. It would seem that the legitimate purposes of requiring the fencing of the yard would be satisfied by the requirement of a substantial fence. As contended by defendant, a chain link fence ought to be sufficient for those purposes. It must be held, therefore, that insofar as the ordinance seeks to require the fence to be solid, the section in question is unconstitutional, and inasmuch as defendant was prosecuted for failure to surround his place of business with that type of fence, the conviction must be reversed. Those sections of the ordinance referring to the manner in which the fence must be painted are not involved in this appeal.
 

 The other section involved is Number 33.0903.7, in which it is required that the premises shall be so arranged that reasonable inspection or access to all parts of the premises can be had at any time by proper fire, health, police and building authorities.
 

 Appellant contends that this statute is vague and unreasonable and therefore void, because it does not furnish any test except “reasonableness.” It is contended that therefore the proprietor of the business does not know what manner of
 
 *Supp. 875
 
 arrangement will constitute a violation, and the same identical arrangement might be held to be a misdemeanor by one court and be held proper by another.
 

 It cannot properly be said that the mere fact that an enactment is based upon the test of reasonableness renders the enactment vague or uncertain or invalid so long as there be prescribed a test to be applied to determine that reasonableness. For example, the requirement of the California Vehicle Code, section 510, setting forth the basic speed law is based entirely upon reasonableness, but it is prescribed that the speed must be reasonable in view of certain things to be taken into consideration. This requirement has been uniformly upheld. Applying this test to the ordinance in question, we find the requirement to be that the premises must be so arranged as to permit a reasonable inspection by those authorities charged with making inspection of the premises to see that the law is complied with. There is no attempt to set forth the exact manner of arrangement, the size or width of piles or the area between those piles. All that is required is that any arrangement desired by the proprietor must be such as will permit the reasonable inspection. It is the opinion of this court that the ordinance thereby lays down the test for reasonableness. This has nothing to do with any aesthetic matter, nor is it vague or uncertain, because it merely requires an arrangement such as will permit reasonable access for a definite purpose. It is difficult to see how a provision of this character could be made more definite and certain without involving indefinite requirements which very well might be entirely oppressive by reason of the different manner of carrying on different businesses. It must be held, therefore, that this section of the ordinance is valid and that the conviction of the defendant for a violation thereof is therefore affirmed.
 

 Glen, P. J., and Shell, J., concurred.