[Civ. No. 21097.   First Dist., Div. Two.   Nov. 27, 1963.]

DAVE'S MARKET, INC., Plaintiff and Appellant, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Defendants and Respondents.

672

Lewis & Stein and Pierce N. Stein for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and L. Stephen Porter, Deputy Attorney General, for Defendants and Respondents.

TAYLOR, J.—This is an appeal from a judgment denying appellant, Dave's Market, Inc. (hereinafter called the licensee) a peremptory writ of mandate in a proceeding for judi-

cial review of an administrative decision of the Department of Alcoholic Beverage Control (hereinafter called the Department) ordering the revocation of a general off-sale retail liquor license. The principal issues are the sufficiency of the evidence, alleged prejudicial error in the rejection of certain evidence offered by the licensee, the inclusion of prior charges against the licensee, the propriety of the penalty, and the constitutionality of the statute.

In May, 1960, the Department filed two accusations (Nos. 13623 and 13624) charging that on May 5, 1960, and May 10, 1960, the licensee sold and offered to sell from his licensed premises certain bottles and cases of distilled spirits under the labels of Old Crow Kentucky Bourbon whiskey, Bourbon DeLuxe whiskey, Ancient Age Kentucky Bourbon whiskey and Seagram's Seven Crown whiskey, at sale prices below the applicable fair trade prices. The acts set forth in all of the counts of the accusations were charged as providing grounds for suspension or revocation of the license under article XX, section 22, of the California Constitution,[1] section 24200 and section 24755[2] of the Business and Professions Code and rule 99, subdivision (f), of the Department's rules (Cal. Admin. Code, tit. 4, § 99, subd. (f)).

The two accusations were consolidated for a hearing held before the Department on August 22 and 23, 1960. The Department introduced into evidence certified copies of several fair trade contracts which fixed the minimum retail prices for the brands of whiskey involved. These prices were higher than those alleged to have been charged by the licensee for the particular brands at the times indicated in the accusations. The contracts were duly certified by the custodian of records for the Department pursuant to sections 1920 and 1923 of the Code of Civil Procedure. The licensee's ob-

---

[1]The relevant part of the Constitution grants to the Department the power to deny, suspend or revoke alcoholic beverage licenses for good cause where the granting or continuing of such license would be contrary to public welfare or morals.

[2]Section 24755 as it read at the time relevant herein (before the 1961 amendment) required all retail sales of distilled spirits to be made pursuant to fair trade contracts executed pursuant to sections 24750 to 24757 and prohibited any violations of such contracts. Section 24750 as it read then (and reads now) authorized fair trade contracts fixing the resale price of alcoholic beverages bearing the trademark brand of any of the producers or owners and in fair and open competition with others of the same general class.

jections to the authenticity and execution of the documents, that the documents were not fair trade contracts, were not "official documents" and contained inadmissible hearsay were overruled. The hearing officer took official notice of the records of the Department (Gov. Code, § 11515) and by stipulation of the parties permitted the amendment of the accusations to show that the prices included the sales tax.

The Department established that the "Beverage Industry News" is a publication or trade journal wherein all resale prices to consumers from retailers are published each month, that the publication is circulated to every retail licensee in the northern California trading area, that fair trade retail prices for each of the four whiskeys involved had been published in both the Coast and Valley editions of the "Beverage Industry News" of April 1, 1960, and May 1, 1960, and that copies of the April 1, 1960, and May 1, 1960, Coast editions were mailed to the licensee. A copy of the May 1, 1960, Coast edition was submitted in evidence to establish that the whiskeys in question were in competition with others of similar nature. The Department then offered the testimony of two of its agents who had purchased the beverages from the licensee on the occasions alleged in the accusations. Finally, the Department called District Supervisor Falvey to testify that certain distilled spirits of the same general class and prices as those mentioned in the accusations were sold in the State of California.

The licensee offered the testimony of the witness Hymes, an importer, rectifier[3] and wholesaler of distilled spirits. He testified that he bottled and sold Kentucky bourbon under offbrand labels owned either by the wholesaler or the retailer, which retailed at prices lower than the fair trade prices of the the beverages involved in this case. He further testified that these offbrand sales were subject to fair trade contracts fixing the retail prices. The licensee also offered to prove through Hymes "... that unlabeled barrels of distilled spirits are shipped into Callifornia; that retailers are not protected from owned brands or trade-marks; off-brands which are not in fair competition with other advertised brands, are sold at very low prices; that the Department of Alcoholic Beverage Control has no control over how the price of these off-brands are set or at what level." The hearing officer rejected this

---

[3]A rectifier takes distilled spirits from their normal state and converts them into potable liquors.

offer of proof and granted the Department's motion to strike Hymes' testimony.

The hearing officer found the licensee guilty of each of the violations charged and recommended that the license be revoked. The Department adopted the proposed decision of the hearing officer in its entirety. The licensee appealed to the Alcoholic Beverage Control Appeals Board which, after hearing, affirmed the Department's decision. Thereafter, the licensee petitioned the trial court for a writ of mandate (Code Civ. Proc., § 1094.5) commanding the Department to vacate and set aside its decision. This appeal is from the judgment denying the writ.

The licensee contends that: (1) the documents relied on to establish minimum resale prices were not valid or effective contracts as required by sections 24750 and 24755 of the Business and Professions Code; (2) the evidence was insufficient as the Department failed to meet its burden of proof on the statutory requirement of fair and open competition; (3) the proffered evidence concerning the absence of fair and open competition was erroneously rejected; (4) the erroneous inclusion in the accusations of references to prior charges constituted prejudicial error; (5) the penalty of revocation is unduly harsh; and (6) the statutes and the action taken thereunder by the Department are unconstitutional under the due process clause of the Fourteenth Amendment of the United States Constitution.

In view of the recent decisions in *DeMartini* v. *Department of Alcoholic Beverage Control*, 215 Cal.App.2d 787 [30 Cal. Rptr. 668] and *Cohon* v. *Department Alcoholic Beverage Control*, 218 Cal.App.2d 332 [32 Cal.Rptr. 723], the first contention may be disposed of summarily.[4] In *DeMartini*, this court took cognizance of *Allied Properties* v. *Department of Alcoholic Beverage Control*, 53 Cal.2d 141 [346 P.2d 737], which upheld the fair trade provisions of the Alcoholic Beverage Control Act as a valid and constitutional exercise of the police power and ruled that the fair trade agreements received in evidence conformed to the requirements of sections 24750 et seq. of the Business and Professions Code and that they were supported by a valid enforceable consideration.

---

[4]These decisions were rendered between the filing of the opening and reply briefs in the instant case. Appellant's closing brief concedes that validity of the contracts was settled by these cases.

We turn next to the licensee's contentions concerning the Department's burden of proof, the sufficiency of the evidence, and the exclusion of its proffered evidence. The scope of our review is governed by certain well established rules. ▮ As the Department is an agency upon which the Constitution has conferred limited judicial powers (Calif. Const., art. XX, § 22), we are called upon to determine whether the findings of the Department are supported by substantial evidence in the light of the whole record (Code Civ. Proc., § 1094.5; *Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 238 [340 P.2d 1]). In this respect, our function is the same as that of the court below (*DeMartini* v. *Department of Alcoholic Beverage Control,* 215 Cal.App.2d 787, 799 [30 Cal. Rptr. 668]). ▮ The evidence in the administrative record must not only be substantial but competent and material (*Takata* v. *City of Los Angeles,* 184 Cal.App.2d 154, 159 [7 Cal.Rptr. 516]; *Estate of Teed,* 112 Cal.App.2d 638 [247 P.2d 54]). Guilt must be established to a reasonable certainty and cannot be based on surmise or conjecture, suspicion or theoretical conclusion or uncorroborated hearsay (*Johnstone* v. *City of Daly City,* 156 Cal.App.2d 506, 515 [319 P.2d 756]; *Cornell* v. *Reilly,* 127 Cal.App.2d 178 [273 P.2d 572]). ▮ The burden of proof in a mandamus proceeding to review the validity of an order revoking a liquor license is upon the party asserting the affirmative.

As to the sufficiency of the evidence, *DeMartini* held that the admission of the duly filed fair trade contracts and schedules invoked three statutory presumptions (Code Civ. Proc., § 1963, subds. 15, 19, 33) which sufficiently established that the alcoholic beverages covered thereby were in fair and open competition. The court held that as the licensee introduced no evidence whatsoever to contradict that of the Department, the effect of the various statutory presumptions was to furnish an evidentiary basis for the conclusion that the contracts on which the charges were predicated are in accord with section 24750 and relate to products which are in fair and open competition with products of the same general class produced by others (*DeMartini* v. *Department of Alcoholic Beverage Control, supra,* at p. 808).[5] (See also *United*

---

[5] The court also stated in *DeMartini, supra,* at page 811, that it could not take judicial notice of fair and open competition as it could not, under the guise of judicial notice, incorporate into the administrative record a matter which was not officially noticed by the Department.

*Liquors, Inc.* v. *Department of Alcoholic Beverage Control,* 218 Cal.App.2d 450, 453 [32 Cal.Rptr. 603].)

■ While admitting in its answering brief that the Department had thus established a prima facie case, the licensee argued that the hearing officer erred in striking the testimony of the wholesaler Hymes and in rejecting the licensee's offer of proof relating thereto as immaterial. Hymes' testimony and the offer would merely establish that he bottled and sold Kentucky bourbon under offbrand names to retailers, *subject to fair trade agreements,* and that it retailed at prices lower than the established prices of the four distilled beverages involved in the licensee's alleged violations. These facts alone do not disprove fair and open competition.

■ As stated in *Allied Properties* v. *Department of Alcoholic Beverage Control, supra,* at pages 146-149, it was not the purpose of the legislation to reduce intemperance by establishing higher prices generally but only by preventing the increase of consumption of alcoholic beverages resulting from *retail* price cutting and bargain sales. The court said "... the Legislature may take reasonable measures to eliminate some of the causes of an evil without attacking all of them." (Pp. 148-149.) In *Scovill Mfg. Co.* v. *Skaggs etc. Drug Stores,* 45 Cal.2d 881 [291 P.2d 936], it was held: "There is no requirement concerning a reasonable price level. ..." (P. 889.) Here we have no evidence of retail price cutting nor any offer to prove it. The licensee did not purport to show that the same labeled beverages or beverages of the same general class as those here involved were sold by retailers other than the licensee at lower than fair trade prices under offbrand labels or that any deception whatever was being practiced on the public.

■ It was not sufficient for the licensee to make a vague offer to prove that offbrands "are not in fair and open competition with other advertised brands." "An offer of proof must be distinctly directed to some material fact and if it is vague or fails to reveal what facts it is proposed to bring out it is not error for the court to reject it." (*Moore* v. *Rogers,* 157 Cal.App.2d 192 at p. 197 [320 P.2d 524].)

■ The offer to prove that the Department had no control over "how the prices of off-brands are set or at what level" is not significant in view of the ruling in *Allied Properties, supra,* at page 149, that legislation granting such

authority to the wholesaler or producer is not an unlawful delegation of legislative power.

Neither the witness Hymes' testimony nor the offer of proof tended in any way to negate the constitutionality of the act or to refute the case of fair and open competition established by the Department through the introduction of the filed fair trade contracts and schedules. We conclude that the hearing officer's rulings were proper.

The Department argues that the recitals in the contracts that the beverages in question were "in fair and open competition" were themselves proof of that fact and were admissible hearsay as corroborative of the direct evidence of the witness Falvey.[6] The unrefuted presumptions previously referred to make it unnecessary to consider this contention. We do question, however, whether Falvey's testimony was sufficiently complete and explicit to establish the required foundation for the admissibility of these hearsay statements.

The licensee next argues that the reference in the accusations in this case to other charges pending against the licensee involving sales of whiskey in violation of the fair trade contracts, unduly prejudiced the hearing officer. The record reveals that the pending status of the prior proceedings was noted after each listing thereof in the accusations, twice by the hearing officer during the hearing itself and again in the proposed decision of the hearing officer. Each time the hearing officer's attention was directed to the matter, he responded emphatically that he would not consider these prior matters unless they became final before he reached his decision in the case. The proposed decision states that the recommendation is based on the two accusations and that none of the prior matters form any part of the basis for the recommendation. We must presume that the hearing officer did as he said he would do (Code Civ. Proc., § 1963, subd. 15). Furthermore, in administrative matters, consideration of the prior disciplinary proceedings is entirely proper (*Dudney* v. *State Bar,* 8 Cal.2d 555 [66 P.2d 1199]), and the prior record of a licensee is relevant and material evidence of

---

[6]Section 11513, subdivision (c), of the Government Code (made applicable to administrative hearings before the Department by section 11501 of the Government Code) provides that hearsay evidence may be used for the purpose of supplementing or explaining any direct evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.

his knowledge of and compliance with the laws involved therein (*Beamon* v. *Department of Motor Vehicles,* 180 Cal. App.2d 200 [4 Cal.Rptr. 396]).

■ The licensee also argues that the penalty of revocation is unduly harsh. We agree that the penalty of revocation is severe but the propriety of the penalty is vested in the administrative agency and shall not be disturbed unless there is a clear abuse of discretion (*Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 287, 292 [341 P.2d 296]). The evidence in the record shows a deliberate and repeated course of conduct in violation of the law and we cannot conclude under the circumstances that the discipline imposed was arbitrary or constituted an abuse of discretion.

■ Finally, we turn to the licensee's contentions concerning the unconstitutionality of the Alcoholic Beverage Control Act. The licensee argues that the means used by the Legislature are not proper under the police power, that the provisions of the law are an unlawful delegation of price-regulating powers to private persons, and that the price regulating provisions violate the due process clause of the Fourteenth Amendment of the United States Constitution as they impair its property right to sell alcoholic beverages at whatever price it chooses to fix. The constitutional objections raised by the licensee have been expressly or by implication decided against it (*Allied Properties* and *DeMartini, supra*). However, as the particular issue here raised under the Fourteenth Amendment of the United States Constitution[7] was not raised in the prior cases,[8] we briefly comment on the matter. The power of the states to control the traffic in liquor under the Twenty-first Amendment is unconditional and includes complete prohibition as well as any restriction falling short of prohibition even if discriminatory in nature and unconnected to public health, safety or morals (*State Board of Equalization* v. *Young's Market Co.* (1936) 299 U.S. 59 [57 S.Ct. 77, 81 L.Ed. 38]; *Mahoney* v. *Joseph Triner Corp.* (1938) 304 U.S. 401 [588 S.Ct. 952, 82 L.Ed. 1424]; *Ziffrin, Inc.* v. *Reeves* (1939) 308 U.S. 132 [60 S.Ct. 163, 84 L.Ed. 128]; *United States* v. *Frankfort Distilleries* (1945) 324 U.S.

[7] An excellent discussion of the problems presented by raising the question in this context appears in 15 Stanford Law Review 309.

[8] As the licensee correctly states, the chief issue in *Allied Properties* was unlawful delegation and the issue of deprivation of property without due process of law was not raised.

293 [65 S.Ct. 661, 89 L.Ed. 951]; *Indianapolis Brewing Co.* v. *Liquor Control Com.* (1939) 305 U.S. 391 [59 S.Ct. 254, 83 L.Ed. 243]). The United States Supreme Court has approved the substantially identical[9] California general fair trade law (*Pep. Boys, M. M. & J.* v. *Pyroil Sales Co.* (1936) 299 U.S. 198 [57 S.Ct. 147, 81 L.Ed. 122]), dismissed an appeal based on the mandatory price schedules of the Connecticut alcoholic beverage control statutes (*Schwartz* v. *Kelly* (1953) 140 Conn. 176 [99 A.2d 89] [346 U.S. 891 (74 S.Ct. 227, 98 L.Ed. 394)]) and since 1952 has consistently refused to grant hearings in similar matters (*Schwegmann Brothers Giant Super Markets* v. *Hoffman-LaRoche, Inc.* (1955) 221 F.2d 326, cert. den. 350 U.S. 839 [76 S.Ct. 77, 100 L.Ed. 748]; *Schwegmann Brothers Giant Super Markets* v. *Eli Lilly & Co.* (1953) 205 F.2d 788, cert. den. 346 U.S. 856 [74 S.Ct. 71, 98 L.Ed. 369]). We conclude that there is ample authority upholding the constitutionality of the act.

The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 22, 1964. McComb, J., and Peters, J., were of the opinion that the petition should be granted.

---

[9]Identical except for the primary purpose of the act and the mandatory provisions of the Alcoholic Beverage Control Act.