[Civ. No. 42459. Second Dist., Div. Five. Nov. 29, 1974.]

NATIONAL DELIVERY SYSTEMS, INC., Plaintiff and Appellant, v. CITY OF INGLEWOOD et al., Defendants and Respondents.

**COUNSEL**

Marks, Sherman, Schwartz & Barab and Martin J. Barab for Plaintiff and Appellant.

Donald E. Olson, City Attorney, and Mark L. Dees, Assistant City Attorney, for Defendants and Respondents.

## OPINION

**ASHBY, J.**—This is an appeal from an order of the superior court refusing to grant a preliminary injunction and dissolving a temporary restraining order. Appellant National Delivery Systems, Inc., a private postal system engaged in the business of distributing certain printed materials and handbills to residences and other locations in the City of Inglewood, sought to enjoin enforcement of the city's ordinance regulating peddling, solicitation and distribution of advertising literature on residential property.

The question presented by this appeal is whether appellant has made a showing that the ordinance in question hampers the distribution of printed matter protected by the First Amendment of the United States Constitution and therefore should be denied enforcement.

Upon review of the record we find no showing that the ordinance exceeds the scope of permissible regulation of purely commercial distribution, and therefore we affirm the trial court's order.

According to the complaint, appellant "is a private postal system engaged primarily in the business of delivering and distributing a variety of commercial and non-commercial printed material and handbills to the residences, dwelling units, residential and/or commercial buildings at particular locations throughout the State of California." Appellant "distributes, and delivers a variety of printed material pursuant to pre-arranged contracts with diverse commercial and/or non-commercial entities, including, but not limited to, supermarkets and pharmacies, said contracts require the delivery and distribution and/or dissemination of printed material in different, specific areas. Among these areas is the defendant, City of Inglewood." Appellant "conducts its delivery and/or distribution of printed material, utilizing individual carriers who attach a plastic bag containing the printed material to the doorknobs of intended recipients' residences and/or locations." Defendant and respondent City of Inglewood has notified appellant and appellant's customers, Boys Markets and Inglewood Pharmacy, that the activities of appellant are in violation of sections 6471 and 6471.5 of the Municipal Code. Said notification has caused Boys Markets and Inglewood Pharmacy to cancel their contracts with appellant, to appellant's damage.

The complaint seeks an injunction against enforcement of the ordinance in the first cause of action, a declaration that the ordinance is unconstitutional on its face and as applied to appellant in the second cause of action, and damages for wrongful interference with contractual relations in the third cause of action.

The pertinent provision of which appellant complains is section 6471 of the Inglewood Municipal Code which provides:

"DISTRIBUTION OF LITERATURE

"It shall be unlawful to pass out, give away, circulate or deliver any printed or written handbill, circular, or advertising literature offering to sell or buy any goods, wares, merchandise, or commercial services or offering to buy, sell, or list any real property:

"(a) in any public place within the City; or

"(b) into or upon any motor vehicle within the City; or

"(c) in the yard or grounds or on the doorstep, porch, or vestibule of any residence, dwelling or apartment within the City; or

"(d) upon any vacant lot or other private property within the City;

"without first having obtained permission of the owner, adult occupant, or other person in control thereof. (Amend. Ord. 2097, Effec. 3-17-72)"[1]

## DISCUSSION

■ The right to distribute or disseminate ideas and written material has long been recognized as an integral part of freedom of speech and of the press and is zealously guarded by the courts. Municipal ordinances which impinge on the right to disseminate protected material have been invalidated as contrary to constitutional guarantees. (*Van Nuys Pub. Co.* v. *City of Thousand Oaks*, 5 Cal.3d 817, 821 [97 Cal.Rptr. 777, 489 P.2d 809]; *Lovell* v. *Griffin*, 303 U.S. 444, 450-451 [82 L.Ed. 949, 952-953, 58 S.Ct. 666]; *Schneider* v. *State*, 308 U.S. 147, 162-165 [84 L.Ed. 155, 165-167, 60 S.Ct. 146]; *Jamison* v. *Texas*, 318 U.S. 413, 414-417 [87 L.Ed. 869, 871-873, 63 S.Ct. 669]; *Murdock* v. *Pennsylvania*, 319 U.S. 105, 110-111 [87 L.Ed. 1292, 1297-1298, 63 S.Ct. 870, 146 A.L.R. 81]; *Martin* v. *Struthers*, 319 U.S. 141, 143-147 [87 L.Ed. 1313, 1316-1319, 63 S.Ct. 862, 882]. See also *Dulaney* v. *Municipal Court*, 11 Cal.3d 77, 83 [112 Cal.Rptr. 777, 520 P.2d 1].)

On the other hand, the First Amendment is not intended to protect the

---

[1] Section 6471 is part of a larger scheme regulating peddling, solicitation and distribution of literature contained in sections 6470 through 6473 of the Inglewood Municipal Code. None of the other provisions are in question here. The complaint purports also to seek relief as to section 6471.5, which provides that those classes of printed matter which may lawfully be distributed under the ordinance must nevertheless be distributed in some manner which minimizes the danger of litter, i.e., by handing the material to the recipient, or by weighting it down or attaching it to a doorknob so as not likely to scatter. Since we determine that the matter being distributed by appellant in this case is purely commercial matter prohibited from distribution by section 6471, no question arises as to interpretation of section 6471.5.

distribution of purely commercial matter as distinguished from political, religious, economic or sociological ideas. (*In re Porterfield,* 28 Cal.2d 91, 101 [168 P.2d 706, 167 A.L.R. 675]; *Wirta* v. *Alameda-Contra Costa Transit Dist.,* 68 Cal.2d 51, 57 [64 Cal.Rptr. 430, 434 P.2d 982].) Municipal ordinances regulating the distribution of commercial advertising and solicitation have been upheld. (*Valentine* v. *Chrestensen,* 316 U.S. 52, 54 [86 L.Ed. 1262, 1265, 62 S.Ct. 920]; *Breard* v. *Alexandria,* 341 U.S. 622, 642-645 [95 L.Ed. 1233, 1248-1250, 71 S.Ct. 920, 35 A.L.R.2d 335]; *Pittsford* v. *City of Los Angeles,* 50 Cal.App.2d 25, 30-31 [122 P.2d 535]; *In re Mares,* 75 Cal.App.2d 798, 804 [171 P.2d 762].) This distinction is noted in many of the cases invalidating ordinances which exceeded the scope of purely commercial regulation. (*Van Nuys Pub. Co.* v. *City of Thousand Oaks, supra,* 5 Cal.3d at p. 821, fn. 2; *Dulaney* v. *Municipal Court, supra,* 11 Cal.3d at pp. 87-88; *Schneider* v. *State, supra,* 308 U.S. at p. 165 [84 L.Ed. at pp. 166-167]; *Murdock* v. *Pennsylvania, supra,* 319 U.S. at pp. 110-111 [87 L.Ed. at pp. 1297-1298]; *Martin* v. *Struthers, supra,* 319 U.S. at p. 142, fn. 1 [87 L.Ed. at p. 1316].)

■ Our task is to determine whether appellant has made a showing that the instant ordinance falls within the first class of overly restrictive statutes or whether it is in the second class of permissible commercial regulation.

Appellant's complaint for injunctive relief was supported by the declaration of John Von Hecht, president of appellant. A temporary restraining order was issued on January 31, 1973. Respondent filed an answer on February 9, 1973, which was supported by the declaration of Mark L. Dees, senior deputy city attorney for City of Inglewood. On February 22, 1973, the superior court issued an order denying the preliminary injunction and dissolving the temporary restraining order.

The declaration of Senior Deputy City Attorney Dees states that on January 31, 1973, he and a police officer, acting on information, observed an individual named Dallas, who stated he was working for appellant, throwing loosely folded papers from the sidewalk to the porches of homes on a certain block in the City of Inglewood. These papers were purely commercial advertising for groceries from Boys Markets.

The only specific clients of appellant's mentioned in the complaint or supporting material are Boys Markets and Inglewood Pharmacy. Although it is alleged in the complaint that appellant distributes "a variety of commercial and non-commercial" material and that appellant has contracts "with diverse commercial and/or non-commercial entities, including, but not limited to, supermarkets and pharmacies," this claim is not substantiated

in the supporting material. No showing whatsoever has been made that appellant is engaged in the distribution of noncommercial matter in the City of Inglewood or that enforcement of the ordinance threatens noncommercial distribution.

On its face section 6471 is limited to commercial distribution. It applies only to "any printed or written handbill, circular, or advertising literature *offering to sell or buy any goods, wares, merchandise, or commercial services or offering to buy, sell, or list any real property:* . . ." (Italics added.)

This ordinance is more narrowly drawn than the one invalidated in *Van Nuys Pub. Co.* v. *City of Thousand Oaks, supra*, 5 Cal.3d 817, which was described as follows at page 821, footnote 2: "The instant ordinance is not confined solely to the distribution of commercial advertising, but, by its explicit terms, applies to the dissemination of 'any handbill, dodger, circular, newspaper, paper, booklet, poster or advertising material,' thus covering the distribution of constitutionally protected material."

Section 6471 is also narrower than the ordinance involved in *Dulaney* v. *Municipal Court, supra*, 11 Cal.3d 77, 87, where the court said: ". . . However the ordinance is not so limited. It prohibits not only the posting of 'any advertisement' or 'advertising device' but also of any 'bill, notice, card [or] sign,' no matter what its content or purpose."

Section 6471 does not include religious, political or charitable activities nor does the record show appellant to be involved in any such activities.[2]

We conclude that appellant has made no showing that section 6471, either on its face or as applied, prohibits anything other than purely commercial distribution. As such, it is a valid exercise of the police power of the municipality.

We turn now to several additional contentions of appellant not directly related to its First Amendment argument.

Seizing upon subdivision (c) of section 6470,[3] appellant argues

---

[2]The declaration submitted by the city further states that charitable solicitations and distributions are governed by other procedures in the Municipal Code and that political and religious activities are not prohibited. It may also be noted that section 6471.6 exempts folded newspapers of general circulation.

[3]Section 6470 provides as follows:
"FINDINGS. PURPOSE OF ORDINANCE.
"The City Council find and declares as follows:
"(a) That the distribution of commercial advertising material upon residential property in the City creates widespread litter which is unsightly, unhealthy, and difficult to remove.
"(b) That door-to-door commercial solicitation of unwilling recipients by salesmen of goods and services jeopardizes the right of residents in this City to enjoy the privacy

"[i]t is manifest that the purpose behind the enactment of the ordinance was to prevent the sale of real estate to minority groups in the City of Inglewood." Appellant then argues the ordinance is unconstitutional and is preempted by Business and Professions Code section 10140 relating to false representations in the sale of real estate. This argument is wholly without merit.

Nothing in the record demonstrates that the City had a manifest improper purpose in enacting the ordinance. In the first place, it is not manifest from subdivision (c) that the declared concern over unscrupulous techniques being used to induce panic sales stems in any way from a motivation to prevent racial integration in housing.

Secondly, appellant ignores the other stated purposes of the law. Both section 6470 on its face and the supporting material submitted to the trial court on behalf of the City indicate that the ordinance was enacted for the legitimate purposes of protecting the City's residents against litter, invasion of privacy and crime. Even if appellant's conjecture as to subdivision (c) were accepted, the other purposes of the ordinance are themselves sufficient to justify it as a proper exercise of the police power.[4] The ordinance has a rational basis and therefore we will not speculate as to the alleged motivations of the legislative body. (*United States* v. *O'Brien,* 391 U.S. 367, 383 [20 L.Ed.2d 672, 683-684, 88 S.Ct. 1673]; *Simpson* v. *City of Los Angeles,* 4 Cal.2d 60, 65 [47 P.2d 474]; *Melton* v. *City of San Pablo,* 252 Cal.App. 2d 794, 798 [61 Cal.Rptr. 29]; *Ratkovich* v. *City of San Bruno,* 245 Cal. App.2d 870, 885 [54 Cal.Rptr. 333].)

Appellant also contends that the court abused its discretion in denying the preliminary injunction because the hardship on appellant of denying the injunction was greater than the hardship on the city in granting the injunction. (See e.g., *State Bd. of Barber Examiners* v. *Star,* 8 Cal.App.3d

---

of their homes in tranquility and security, and serious public offenses have been committed by purported solicitors.

"(c) That unscrupulous real estate salesmen have used and threaten to use handbills and door-to-door sales techniques to directly or indirectly induce panic sales of real estate based on supposed changes in the racial, economic and social character of a neighborhood.

"(d) That such practices are injurious and inimical to the public health, safety and welfare of residents of this City and that such problems are becoming increasingly direct and substantial.

"(e) That such practices are, therefore, declared to be a public nuisance.

"(f) That such practices should be prohibited to protect the public health, safety, and general welfare of the residents of this City. (Amend. Ord. 2097 Effec. 3-17-72)"

[4]The record also makes clear that the instant case arises out of appellant's distribution of grocery advertisements. Appellant does not purport to be involved in real estate sales.

736, 738-739 [87 Cal.Rptr. 450].) We find no abuse of discretion by the trial court. In making its determination whether a preliminary injunction is required to protect the plaintiff, ". . . the court will consider the probability of the plaintiff's ultimately prevailing in the case and, it has been said, will deny a preliminary injunction unless there is a reasonable probability that plaintiff will be successful in the assertion of his rights." (*Continental Baking Co.* v. *Katz,* 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889].) In the instant case the trial court properly weighed the improbability of appellant's ultimately demonstrating the right to a permanent injunction when the court denied the preliminary injunction.

The order appealed from is affirmed.

Kaus, P. J., and Hastings, J., concurred.