Dear Mr. Cassidy,
This office is in receipt of your opinion request in which you ask for our determination of the constitutionality of an ordinance drafted by the Jefferson Davis Parish Police Jury. That ordinance reads:
 No person, firm, or corporation shall throw, cast, distribute, scatter, deposit, circulate or deliver any handbill, circular, pamphlet or advertising matter of any kind in the yard or grounds of any house, building structure, on any porch or doorstep, in any public hallway, or upon any vacant lot or other private property without having first obtained permission of the owner or of an adult resident or occupant thereof.
 Whoever violates the provisions of this ordinance shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
The resolution passed by the Police Jury requesting this opinion states that this ordinance was passed as a result of citizen complaints regarding a littering problem caused by the distribution of sales circulars by a local paper. In your letter, you state that this `paper' is a `weekly shopper' which distributes advertisements and promotional materials.
The right to distribute or disseminate ideas and written material is an integral part of the freedom of speech and of the press. Van Nuys Publishing Company v. City ofThousand Oaks, 5 Cal.3d 817, 489 P.2d 809 (1971). Moreover, the freedom of speech and of the press embraces the right to distribute literature and necessarily protects the right to receive it. Toms River Publishing Company v. The Borough ofManasquan, Monmouth County, 127 N.J. Super. 176,316 A.2d 719 (1974).
However, the First Amendment is not intended to protect the distribution of purely commercial matter as distinguished from political, religious, economic or sociological ideas.National Delivery Systems, Inc. v. City ofInglewood, 43 Cal.App.3d 573, 117 Cal.Rptr. 791 (1974). What constitutes commercial as opposed to non-commercial speech is determined on a case-by-case basis.
The ordinance at issue in the National DeliverySystems case was limited to commercial distribution and applied only to "any printed or written handbill, circular, or advertising literature offering to sell or buy any goods, wares, merchandise, or commercial services or offering to buy, sell, or list any real property." Id. at 577. This ordinance was upheld based on the determination that it was more narrowly drawn than other ordinances that failed similar scrutiny in the past.Id.
For example, the ordinance invalidated in the VanNuys case, which bears a strong similarity to the Jefferson Parish Police Jury ordinance, was described as follows: "The instant ordinance is not confined solely to the distribution of commercial advertising, but, by its explicit terms, applies to the dissemination of `any handbill, dodger, circular, newspaper, booklet, poster or advertising material,' thus covering the distribution of constitutionally protected material." VanNuys, 489 P.2d at 811.
The crux of this analysis lies in whether the ordinance, either on its face or as applied, prohibits anything other than purely commercial distribution. If this is proven, the ordinance will constitute an invalid exercise of the municipality's police power. National Delivery Systems, Inc., at 578.
The ordinance before us concerns "any handbill, circular, pamphlet or advertising matter of any kind" being distributing in various manners. Whether this categorization can be interpreted to prohibit anything other than purely commercial material is a factual determination. It is not the practice of this office to make factual determinations which are best left to the judiciary or the appropriate administrative body. However, the above cited cases should provide you with the framework to arrive at a proper conclusion.
I trust this adequately assists you in your determination. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
Assistant Attorney General